## BOULTBEE v. INTERNATIONAL PAPER CO.

(Circuit Court of Appeals, First Circuit. February 10, 1916.)

### No. 1168.

1. COURTS ⟨⟩347—FEDERAL COURTS—PRACTICE IN STATE COURTS—DEMURRER —OVERRULING—JUDGMENT.

Even though, under Rev. St. Me. c. 84, § 35, a state court would have no other course, upon the overruling of a demurrer to a replication tendering an issue of fact, except to enter judgment for plaintiff, the statute did not control the discretion of a federal court, nor its power as to amendments, and the court properly proceeded to hear and determine the issue tendered by the replication.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. ⟨⟩347.]

2. COURTS ⟨⟩274— FEDERAL COURTS—FOREIGN CORPORATIONS—SERVICE OF PROCESS.

Pub. Laws Me. 1911, c. 152, § 1, requires foreign corporations having a usual place of business in the state, or engaged in business therein without a usual place of business, to appoint a resident of the state its true and lawful attorney, upon whom all processes may be served, and provides that service of such process shall be made by leaving a copy of the process in the office of such attorney. *Held*, that service upon an agent in Maine expressly authorized by a foreign corporation would have been sufficient to subject it to the jurisdiction of the federal court for that district, as its consent to be so sued in Maine in the federal as well as in the state courts would be implied as a condition of being allowed to do business within the state.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. ⟨⟩274.]

3. COURTS ⟨⟩274—FEDERAL COURTS—FOREIGN CORPORATIONS—SERVICE OF PROCESS.

To make service upon an alleged agent of a foreign corporation doing business in Maine valid for the purpose of the jurisdiction of a federal court, the person served must be representing the company with respect to the business itself being done in Maine in such sense that authority in him to receive service on its behalf could be properly implied.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 814; Dec. Dig. ⟨⟩274.]

4. CORPORATIONS ⬦668—FOREIGN CORPORATIONS—ACTIONS—SERVICE OF PROCESS.

Whether an alleged agent of a foreign corporation, upon whom process was served, so represented the corporation that authority in him to receive service on its behalf could be properly implied, depended upon the character of the agent, and, in the absence of express authority from the corporation, the surrounding facts, and proper inferences therefrom.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. ⬦668.]

5. CORPORATIONS ⬦673 — FOREIGN CORPORATIONS — ACTIONS — SERVICE OF PROCESS.

A foreign corporation doing business in Maine had designated an agent upon whom process might be served, but in an action against the corporation service was made by leaving a copy of the summons and writ with S., described in the marshal's return as the superintendent of the company. He was in fact superintendent only of its operations in a particular mill, with authority to hire and discharge employés, but with no authority to fix or pay their wages, purchase supplies, or sell the product of the mill; another resident agent had charge of these and other matters connected with the business in Maine; and still other matters relating to such business were referred to the New York office. *Held*, that the conclusion of the District Court that S.'s authority with respect to the corporation's Maine business was not such as carried with it the implication that he was agent or attorney for the purpose of service of process was not erroneous.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2534, 2535, 2557, 2558, 2650; Dec. Dig. ⬦673.]

6. COURTS ⬦344—FEDERAL COURTS—FOREIGN CORPORATIONS—SERVICE OF PROCESS.

In an action against a foreign corporation doing business in Maine, where the marshal's return showed service of the writ upon S., described therein as the superintendent of the company, without any recital of further facts showing him to have been an agent in whom authority to receive service of process could be implied, it was not aided by any presumption to that effect, as all facts essential to federal jurisdiction must appear affirmatively.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. ⬦344.]

7. EXCEPTIONS, BILL OF ⬦27—RECITALS.

On appeal from a judgment sustaining a plea in abatement and quashing the writ, in an action against a foreign corporation, on the ground that there was no valid service of process, where the evidence as to the extent of authority of the alleged agent upon whom process was served was made a part of the exceptions, a recital in the bill of exceptions that he was superintendent and general manager, in charge of the corporation's mill and its operations, could add nothing to what the evidence itself showed.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. § 34; Dec. Dig. ⬦27.]

In Error to the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Action by Maud Boultbee, administratrix, against the International Paper Company. Judgment in favor of defendant, and plaintiff brings error. Affirmed.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Gerry L. Brooks, of Portland, Me., for plaintiff in error.

William C. Eaton, of Portland, Me. (William H. Gulliver, of Portland, Me., on the brief), for defendant in error.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

DODGE, Circuit Judge. The defendant, according to the pleadings on both sides, was a New York corporation having its principal place of business in New York, of which state it was a citizen. The plaintiff, a citizen of Maine, sued it in the Maine District Court, to recover damages, under a Maine statute, for the death of her intestate, alleged to have been killed in its employ, through its negligence, in a mill operated by it in Orono, Me.

The service of the writ, appearing from the marshal's return thereon, was by a nominal attachment and by "giving in hand to John H. Stinchfield, superintendent of said company," an attested copy, with a summons.

The defendant pleaded in abatement that no valid service upon it had been made. The plea alleged, in substance, that Stinchfield was not its tenant, agent, or attorney, in Maine, upon whom service of the writ could be made without previous actual attachment of goods, effects, or credits, and that another person residing in Maine (upon whom there had been no service) had been duly appointed, and was at the time its agent for such service according to the laws of Maine.

The plaintiff replied that good, sufficient, and legal service had been made. The defendant demurred, on the grounds that the replication denied no material fact stated in the plea, and tendered an issue of law, not of fact.

The replication was held good, and the demurrer overruled, whereupon the plaintiff moved for judgment in her favor. She assigns here as error the denial of this motion and the action of the District Court in proceeding, against her objection, to hear the case on the issues raised by the plea.

[1] We find no error in either respect. The plaintiff does not convince us that the Maine statute on which she relies (Rev. Stats. Me. c. 84, § 35) would leave open to a Maine court no other course under such circumstances than that of entering the judgment demanded. And even if that statute is to be so understood, we cannot regard it as conclusive to the same extent upon the federal court, wherein, as to such matters, neither the court's discretion nor its power as to amendments are controlled by the state practice. The ruling that an issue of fact was tendered by the replication is not questioned in this court. We think the court rightly proceeded to hear and determine that issue. That the ruling gave the plaintiff an immediate right to judgment in her favor, not to be refused her without reversible error, is a proposition which we are unable to accept.

Before filing its demurrer, the defendant had asked leave to withdraw its plea in abatement, appear generally, and plead to the merits. This motion was opposed by the plaintiff and denied by the court. Upon what grounds it was so opposed or denied the record does not show, nor has the denial been assigned as error. From what appears

in the record, the motion seems to us one which might well have been granted, with the advantage of avoiding considerable delay and expense. A similar offer made by the defendant at the argument in this court met with no response from the plaintiff.

No valid judgment for the plaintiff could have been entered, except upon a record showing due service upon the nonresident defendant, sufficient to give the District Court in Maine jurisdiction over it, independently of any attachment of property belonging to it within · the district. The defendant was before that court only for the purpose of objecting that such jurisdiction had never been obtained, for the reasons set forth in its plea. Both parties having waived a jury, both submitted evidence to the court, which evidence is before us, upon the issues raised by the plea. The result of this hearing was that a motion by the plaintiff for "judgment on the facts" was denied, the plea in abatement was sustained, and the writ was quashed. The plaintiff assigns all this as error. Judgment for the defendant followed.

[2] That the defendant corporation was doing business in Maine was undisputed. The evidence submitted showed, without contradiction, that a resident of Maine, other than Stinchfield, had been duly appointed by it, and was at the time its attorney to receive service of process, in accordance with the requirements of a Maine statute then in force (Pub. Laws 1911, c. 152, § 1); also that the appointment had been filed, as the same statute provided, with the state secretary. Service upon an agent in Maine, thus expressly authorized by it, would have been sufficient to subject it to the jurisdiction of the federal court for that district. Its consent to be so sued in Maine, in the federal as well as in the state courts, would be implied, as a condition of being allowed to do business within that state. Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853.

The defendant contends that the Maine statute "prescribes the exclusive method for service" upon foreign corporations doing business within the state. Whether or not this view was adopted by the District Court does not appear, no opinion having been filed. Under a state statute of this kind, going no further than to provide that process "may be served" upon the agent appointed in accordance with its requirements, and imposing no penalty for failure to appoint any such agent, it has been held that the method of service established is not exclusive, and that valid service may be made upon any agent within the state sufficiently representative in character. Henrietta, etc., Co. v. Johnson, 173 U. S. 221, 19 Sup. Ct. 402, 43 L. Ed. 675. Although the Maine statute here in question does impose such a penalty, and although the language of one of its clauses is that service of process "shall be made" by leaving a copy in the appointed agent's hands or in his office, we are not prepared to hold that under no circumstances is service upon any other agent or representative of a nonresident corporation to be recognized as valid. That this was the legislative intent does not seem to us sufficiently clear from the above features of the Maine statute.

[3, 4] To make the service valid for the purpose of jurisdiction,

however, it was at least essential that the person served should be representing the company with respect to the business it was then doing in Maine, in such sense that authority in him to receive service on its behalf could be properly implied. Conn., etc., Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569; Board of Trade v. Hammond, 198 U. S. 424, 438, 25 Sup. Ct. 740, 49 L. Ed. 1111. The question whether or not a given person so represents a nonresident corporation turns, as was said in these cases, "upon the character of the agent," and, in the absence of express authority given by the corporation, "depends upon a review of the surrounding facts and the inference that the court might properly draw from them."

In most of the cases wherein such questions have been raised, the nonresident corporation, though doing business within the jurisdiction, has had no appointed agent therein with express authority, and unless authority to receive service could be implied from the authority regarding the corporation's business within the state or district then being exercised by the person served, it followed that no jurisdiction except by actual attachment of property was there obtainable.

[5, 6] The present case presented no such situation. The evidence shows that, besides the attorney expressly authorized in compliance with the state law, there were at least two other persons acting for the corporation in Maine, but performing distinct functions in connection with its business in that state, of whom Stinchfield was only one. Implied authority in him for purposes of service did not conclusively appear from the marshal's return on the writ. He might have been "superintendent of the company," as he is therein described, without being an agent in whom such authority could be implied. No further facts showing him to have been such an agent appear from the return, and it is not aided by any presumption to that effect, because all facts essential to federal jurisdiction must appear affirmatively.

[7] The bill of exceptions, after reciting that Stinchfield was "superintendent," adds to this, "and general manager, who was in charge of said mill and its operations"; but, as all the evidence as to the extent of Stinchfield's authority is made part of the exceptions, this recital can add nothing to what the evidence itself shows, and from the evidence it appears without contradiction that Stinchfield, though called "superintendent of said company" in the return, was in fact superintendent only of the operations carried on in its Orono mill. While his authority included hiring and discharging the employés there, it did not extend to fixing or paying their wages, or to purchasing supplies, or to selling the product of the mill. Another resident of Orono, expressly employed by the defendant as "agent," had charge of these and other matters connected with the defendant's business in Maine, while still other matters relating to that business were referred to its New York office. The attorney appointed under the state statute as above was still another agent. His residence was not in Orono, but in Portland.

We think the conclusion that Stinchfield's authority with respect to the defendant's Maine business was not such as carried with it the implication that he was agent or attorney for the purpose of service

of process cannot be said to have been without support in the evidence. There was testimony consistent with such a finding, particularly in view of the fact that express authority to accept such service had been given to another resident of Maine. There was evidence which tended to show that Stinchfield, instead of occupying a representative character as regarded the defendant company, was performing duties for it limited to those of a subordinate employé, or to particular transactions on its behalf. St. Clair v. Cox, 106 U. S. 350, 359, 1 Sup. Ct. 354, 27 L. Ed. 222. It being clear that the defendant had never expressly consented that service on Stinchfield should be service upon it, the surrounding facts shown would have warranted the conclusion that no such consent could fairly, reasonably, and justly be implied. We are therefore unable to hold that the court below was wrong in sustaining the plea in abatement, in refusing to order judgment for the plaintiff on the facts disclosed, or in quashing the writ.

The judgment of the District Court is affirmed, and the defendant in error recovers its costs of appeal.