Rockingham,
July 2, 1947. } No. 3656.

AUTOMATIC SPRINKLER CORPORATION OF AMERICA

*v.*

BERNICE MARSTON.

*Joseph J. Betley*, for the plaintiff.

*George R. Scammon* and *Lindsey R. Brigham* (*Mr. Brigham* orally), for the defendant.

BRANCH, C. J.   Since a tax assessment is a judgment (*Jaffrey* v. *Smith*, 76 N. H. 168; *Nottingham* v. *Company*, 84 N. H. 419) it is to be assumed that the assessors made all permissible findings of fact necessary to sustain their judgment.  See *Hoyt* v. *Tilton*, 81 N. H. 477; *Morin* v. *Insurance Co.*, 85 N. H. 471.   This being so, it is plain that the first question transferred by the Superior Court, namely, whether the tank was properly assessed by the town of Hampstead as realty, must be answered in the affirmative.

The tank in question was designed to furnish water for the sprinkler system in the shoe factory of the purchaser, W. A. Emerson & Sons Shoe Company.   It was "placed on the land owned by the said W. A. Emerson & Sons Shoe Company some 20 feet east of the building and was placed on a cement foundation (15 feet x 5 feet) and extended skyward some 75 feet or better. . . . It was actually connected with a pipe leading underground into the factory building for the purpose of connecting the same to the sprinkler system."   Under these circumstances it was a proper, if not a compelled finding, that the tank was a fixture and properly taxable as a part of the realty.   "Things movable and personal in their nature, when fitted and applied to use as a part of the realty, and necessary to its beneficial enjoyment, may be regarded as incident to it and become an essential part of it. . . . It is by adaptation and use that chattels acquire this character." *Carkin* v. *Babbitt*, 58 N. H. 579.   The tank was clearly necessary to the "beneficial enjoyment" of the shoe factory and was properly taxable as a part thereof.

The fact that F. R. Cruikshank Company, the vendor, retained

title to the tank by a conditional bill of sale, is of little importance. "Title is not the test of taxability." *Piper* v. *Meredith*, 83 N. H. 107, 110. Although the tank before its installation was undoubtedly personal property, and although the conditional sale agreement, as between the parties thereto, probably required that it be so treated until it was paid for, such an agreement was not binding upon the town of Hampstead. From the fact that it was taxed as a "shoe factory and tank" in 1935, 1936, 1937 and 1938, it was a findable fact that the owners of the shoe factory consented to its taxation as a part of the realty.

The second question relating to the sufficiency of the notice of the tax sale to the Cruikshank Company, has not been briefed or argued by either party. It is therefore assumed that the objections of the plaintiff thereto have been waived and the notice is to be treated as sufficient.

The answer to the third question as to the liability of the defendant "for damages for dismantling the tank from the real estate" is moot in view of the above answer to the first question.

*Case discharged.*

All concurred.