# UNITED STATES *v.* GILBERT ASSOCIATES, INC.

No. 440.   Argued March 11, 1953.—Decided April 6, 1953.

*Harry Baum* argued the cause for the United States. With him on the brief were *Solicitor General Cummings, Assistant Attorney General Holland, Ellis N. Slack* and *A. F. Prescott.*

No appearance for respondent.

MR. JUSTICE MINTON delivered the opinion of the Court.

This case involves the question of whether the Town of Walpole, New Hampshire, or the Federal Government has the prior right to a fund in the hands of a state court receiver of the respondent-taxpayer, an insolvent corporation. The Supreme Court of New Hampshire held the Town was entitled to priority, 97 N. H. 411, 90 A. 2d 499, and we granted certiorari, 344 U. S. 911.

The claims of both arise from tax liens. The Town's lien grew out of an assessment of an ad valorem tax upon certain machinery of Gilbert Associates, Inc., the respondent, for the years 1947 and 1948 in the amounts of $612.95 and $690.85, respectively. The corporation was thereafter declared insolvent, and a temporary receiver was appointed August 12, 1949, and made permanent January 30, 1950. The Town's taxes were assessed April 1, 1947, and April 1, 1948. On September 25, 1948, the Town sold the taxpayer's property at a tax sale to pay the taxes accrued for the year 1947. On September 24, 1949, the Town sold the same property at a tax sale for taxes accrued for the year 1948. The record does not disclose the nature of these tax-sale proceedings. We are informed that the Town bid in the property at its own sales. At least, the Town never took possession of the property, which was later sold by the receiver, creating the fund involved here. The Federal Government's lien was for employment, withholding, and income taxes that became due between 1943 and June 30, 1948, in the sum of $3,171.97. Notice of this lien was filed in the office of the Clerk of the United States District Court for the District of New Hampshire on August 6, 1948.

Under § 3672 of the Internal Revenue Code, 56 Stat. 798, 26 U. S. C. (1946 ed.) § 3672, the lien of the United States "shall not be valid as against any mortgagee,

pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector— . . . In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated . . . ." The Supreme Court of New Hampshire held that since notice of the Government's lien was not filed until August 6, 1948, and the Town's taxes were assessed on April 1, 1947, and April 1, 1948, respectively, and such tax assessments are "in the nature of a judgment" under the law of New Hampshire, the Town was a judgment creditor within the meaning of § 3672, and the Government's lien was not valid as against the Town's.

Was the Town a judgment creditor within the meaning of § 3672? The New Hampshire Supreme Court in the instant case said:

"It is settled by our decisions that the assessment of a tax is in the nature of a judgment, enforced by a warrant instead of an execution. *Boody* v. *Watson,* 64 N. H. 162, 167; *Jaffrey* v. *Smith,* 76 N. H. 168, 171; *Nottingham* v. *Company,* 84 N. H. 419. See also, *Automatic Sprinkler Corp.* v. *Marston,* 94 N. H. 375." 97 N. H. 411, 414, 90 A. 2d 499, 502.

We would not question or presume to say what the nature and effect of a tax proceeding is in New Hampshire. The state is free to give its own interpretation for the purpose of its own internal administration. *United States* v. *Waddill Co.,* 323 U. S. 353. See also *Howard* v. *Commissioners of Louisville Sinking Fund,* 344 U. S. 624.

The Supreme Court of New Hampshire freely concedes, however, as it must, that the meaning of a federal statute is for this Court to decide. *United States* v. *Security Trust & Savings Bank,* 340 U. S. 47. Congress enacted § 3672 to meet the harsh condition created by the holding in *United States* v. *Snyder,* 149 U. S. 210, when federal

liens were few, that a secret federal tax lien was good against a purchaser for value without notice.

A cardinal principle of Congress in its tax scheme is uniformity, as far as may be. Therefore, a "judgment creditor" should have the same application in all the states. In this instance, we think Congress used the words "judgment creditor" in § 3672 in the usual, conventional sense of a judgment of a court of record, since all states have such courts.[1] We do not think Congress had in mind the action of taxing authorities who may be acting judicially as in New Hampshire and some other states,[2] where the end result is something "in the nature of a judgment," while in other states the taxing authorities act quasi-judicially and are considered administrative bodies.[3]

---

[1] See concurring opinion of MR. JUSTICE JACKSON in *United States* v. *Security Trust & Savings Bank, supra,* at p. 52.

[2] The decisions have arrived at the conclusion that assessments are judgments for purposes of preventing collateral attacks upon them, ascertaining rights to a hearing in connection with them, or deciding under local procedure on the applicable method of collecting them. These cases, prior to the instant decision, have never actually declared that the status of a technical judgment creditor has been created. *People ex rel. Harding* v. *Hart,* 332 Ill. 467, 163 N. E. 769; *Nottingham* v. *Newmarket Mfg. Co.,* 84 N. H. 419, 151 A. 709; *People ex rel. Glens Falls Ins. Co.* v. *Ferguson,* 38 N. Y. 89; *Williams* v. *Weaver,* 75 N. Y. 30; *State* v. *Georgia Co.,* 112 N. C. 34, 17 S. E. 10; *Union Tanning Co.* v. *Commonwealth,* 123 Va. 610, 96 S. E. 780. But see *Hibbard* v. *Clark,* 56 N. H. 155, holding that it is not a judgment. 1 Cooley, Taxation (4th ed., 1924), 91–92, points out that assessments, though they may be enough like judgments to definitely establish a demand for taxes, are not technical judgments.

[3] *First National Bank of Remsen* v. *Hayes,* 186 Iowa 892, 171 N. W. 715; *Alexander* v. *Commonwealth,* 137 Va. 477, 120 S. E. 296; *Weyerhaeuser Timber Co.* v. *Pierce County,* 97 Wash. 534, 167 P. 35; *Stimson Timber Co.* v. *Mason County,* 112 Wash. 603, 192 P. 994.

We conclude that whatever the tax proceedings of the Town of Walpole may amount to for the purposes of the State of New Hampshire, they were not such proceedings as resulted in making the Town a judgment creditor within the meaning of § 3672.

While the Town was not a judgment creditor, it was the holder of a general lien on all the taxpayer's property. So was the United States a general lienholder on all the taxpayer's property.[4] But since the taxpayer was insolvent, the United States claims the benefit of another statute to give it priority, § 3466 of the Revised Statutes, 31 U. S. C. (1946 ed.) § 191, the provisions of which are set forth in the margin.[5]

As is usual in cases like this, the Town asserts that its lien is a perfected and specific lien which is impliedly excepted from this statute. This Court has never actually held that there is such an exception. Once again, we find it unnecessary to meet this issue because the lien asserted here does not raise the question.

---

[4] "§ 3670. Property subject to lien.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." § 3670 I. R. C., 26 U. S. C. (1946 ed.) § 3670.

[5] R. S. § 3466. "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

In claims of this type, "specificity" requires that the lien be attached to certain property by reducing it to possession, on the theory that the United States has no claim against property no longer in the possession of the debtor. *Thelusson* v. *Smith,* 2 Wheat. 396. Until such possession, it remains a general lien. There is no ground for the contention here that the Town had perfected its lien by reducing the property to possession. The record reveals no such action. The mere attachment of the Town's lien before the recording of the federal lien does not, contrary to the holding of the Supreme Court of New Hampshire, give the Town priority over the United States. The taxpayer had not been divested by the Town of either title or possession. The Town, therefore, had only a general, unperfected lien. *United States* v. *Waddill Co., supra; Illinois* v. *Campbell,* 329 U. S. 362, 370. Where the lien of the Town and that of the Federal Government are both general, and the taxpayer is insolvent, § 3466 clearly awards priority to the United States. *United States* v. *Texas,* 314 U. S. 480, 488.

The judgment of the Supreme Court of New Hampshire is

*Reversed.*

MR. JUSTICE FRANKFURTER, whom MR. JUSTICE REED joins, dissenting.

I cannot agree with the opinion of the Court insofar as it supposes that § 3672 of the Internal Revenue Code is to be read as requiring that certain procedures—and the same procedures—be complied with in each State before a creditor becomes the magic "judgment creditor." Section 3672 gives the United States priority over other creditors but not over judgment creditors. This is the rule of uniformity enacted by Congress. But it does not demand that the same procedure be followed in every

State. Nor does it demand that any particular procedure be followed, that the creditor formally prosecute his claim in the courts and obtain judgment, or even that the common-law requirements be satisfied.

Of course, the State courts cannot by the wand· of a label wave away the requirement, which I agree is a matter for federal interpretation, that a creditor be a "judgment creditor." But federal law does not insist on anything more than that the creditor be in the same position as a creditor who holds a judgment "in the usual, conventional sense." Federal law refers to State law, as it does in the closely comparable bankruptcy provisions, to determine whether action taken by a taxing authority of New Hampshire has substantially the same effect as would be given the judgment of a court of record, that is, whether the Town stands—along with creditors who have obtained judgment from a court of record—on a higher footing than those who have yet to establish their claims in court. If the assessment here has, as the New Hampshire Supreme Court informs us, the normal attributes of a judgment, I see no way of escaping the conclusion that the Town is a judgment creditor within the meaning of § 3672. In the light of the New Hampshire decisions, see *Nottingham* v. *Newmarket Mfg. Co.,* 84 N. H. 419, 151 A. 709; *Jaffrey* v. *Smith,* 76 N. H. 168, 80 A. 504; cf. *Automatic Sprinkler Corp.* v. *Marston,* 94 N. H. 375, 376, 54 A. 2d 154, 155, there is no reason for believing that the State ruling here simply applies a label and does not express the controlling law of the State unrelated to the implications of § 3672. Nothing more ought to be required.

In view of the Court's reluctance not only today but for almost a century and a half to decide the issues that may arise under § 3466 of the Revised Statutes, I do not think I ought to embarrass later consideration by the Court of these issues by speaking on them at this time.

Compare *Conard* v. *Atlantic Ins. Co.,* 1 Pet. 386, 441, 444, with *United States* v. *Waddill Co.,* 323 U. S. 353, 355; see 56 Yale L. J. 1258. But cf. *Illinois* v. *Campbell,* 329 U. S. 362, 376 (dissenting opinion). It would be particularly inappropriate to do so in this case, because we are not told what kind of lien has arisen and what effect the tax sales may have in the circumstances of this case.