STATE ex rel. OKLAHOMA EMPLOYMENT
SECURITY COMMISSION

v.

UNITED STATES.

No. 35065.

Supreme Court of Oklahoma.

Sept. 15, 1953.

Rehearing Denied Feb. 16, 1954.

Burton Duncan, Gerald S. Tebbe, Oklahoma City, for plaintiff in error.

Ellis N. Slack, Acting Asst. Atty. Gen., Harry Marselli, Sp. Asst. to the Atty. Gen., Edwin Langley, U. S. Atty., Paul Gotcher, Asst. U. S. Atty., Muskogee, for defendant in error.

JOHNSON, Vice Chief Justice.

This is an appeal by the State of Oklahoma ex rel. Oklahoma Employment Security Commission, plaintiff in error, hereinafter referred to as State, from a judgment of the District Court of LeFlore County, Oklahoma, awarding priority to a claim of the United States, defendant in error, hereinafter referred to as Government, for federal unemployment, withholding and federal insurance taxes over its claim for delinquent unemployment compensation contributions or taxes due it under Title 40 O.S.1951 Sec. 211 et seq. There were numerous other plaintiffs and defendants who did not appeal, including the Buck Creek Coal Mining Company, a corporation, principal defendant. The trial court made an order and determined the nature of and amount of taxes due each claimant, which is admittedly correct.

The State claims priority of its claims over those of the Government as a judgment creditor and contends that the decision, judgment and decree of the court in allowing priority to the claim of the United States of America is contrary to law.

On the other hand, the Government denies that the State has the status of a judgment creditor within the meaning of Sec. 3672. Internal Revenue Code, 56 Stat. 798, 26 U.S.C.A. § 3672, by reason of the tax warrants issued by it and filed with the Court Clerk and Sheriff of LeFlore County, Oklahoma, under the provisions of Sec. 211 et seq., supra, and we agree.

The delinquent taxes due the government from the principal defendant were delinquent withholding taxes at source of wage, Section 1621 et seq., Internal Revenue Code, 26 U.S.C.A. § 1621, delinquent unemployment taxes, Section 1600 et seq., Internal Revenue Code, 26 U.S.C.A. § 1600, et seq., delinquent federal insurance contributions, Sec. 1400 et seq., Internal Revenue Code, 26 U.S.C.A. § 1400 et seq.

The question is was the state a judgment creditor within the meaning of Sec. 3672, supra, and entitled to priority as such. Other courts have so held. State ex rel. Keitel v. Harris, 353 Mo. 1043, 186 S.W.2d 31, Henry v. Manzella, 356 Mo. 305, 201 S.W.2d 457, United States v. Industrial Commission of Wisconsin, 7 Cir., 168 F.2d 639, and In re Petition of Gilbert Associates, Inc., 97 N.H. 411, 90 A.2d 499.

A state court may give its own interpretation of the nature and effect of a state tax law or tax proceeding and for the purpose of its own internal administration, may determine that the assessment of a tax is in the nature of a judgment, which may be enforced by a tax warrant instead of an execution and that such may constitute one a judgment creditor under state laws; but the interpretation of a federal statute on such questions is for the Supreme Court of the United States, to decide and its interpretation of federal statutes will be followed by this Court. United States v. Gil-

bert Associates, Inc., 345 U.S. 361, 73 S.Ct. 701, 703, 97 L.Ed. 1071.

The Supreme Court of the United States in the last cited case reversed the holding of the New Hampshire Supreme Court in Gilbert Associates, Inc., supra, which had held that municipal tax assessments were in the nature of a judgment under the law of New Hampshire and that such tax assessments constituted a municipality a judgment creditor within the meaning of Sec. 3672, supra, and that being so, the government's lien was not entitled to priority over the judgment of the municipality.

■ In passing on the term "judgment creditor within the meaning of § 3672", in the recent case, 1953, of U. S. v. Gilbert Associates, Inc., supra, the Court said:

"(2, 3) The Supreme Court of New Hampshire freely concedes, however, as it must, that the meaning of a federal statute is for this Court to decide. United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53. Congress enacted § 3672 to meet the harsh condition created by the holding in United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705, when federal liens were few, that a secret federal tax lien was good against a purchaser for value without notice.

"(4, 5) A cardinal principle of Congress in its tax scheme is uniformity, as far as may be. Therefore, a 'judgment creditor' should have the same application in all the states. In this instance, we think Congress used the words 'judgment creditor' in § 3672 in the usual, conventional sense of a judgment of a court of record, since all states have such courts. We do not think Congress had in mind the action of taxing authorities who may be acting judicially as in New Hampshire and some other states, where the end result is something 'in the nature of a judgment,' while in other states the taxing authorities act quasi-judicially and are considered administrative bodies.

"(6) We conclude that whatever the tax proceedings of the Town of Walpole may amount to for the purposes of the State of New Hampshire, they were not such proceedings as resulted in making the Town a judgment creditor within the meaning of § 3672."

■ Having determined that the State is not a judgment creditor, within the meaning of Sec. 3672, supra, we next consider the question of priority of the liens of the State under Title 40 O.S.1951 § 224, and the Government's lien under Secs. 3670–3671, Internal Revenue Code, 26 U.S.C.A. §§ 3670 and 3671. Section 224, supra, when complied with, gives the State a prior general lien on a delinquent taxpayer's property over everyone else, but of course this, concededly, does not apply if conflicting with liens of the Government under Federal statutes. Section 3670, supra, gives the Government a general lien against all the property and rights to property, whether real or personal, of any person, liable to pay any tax if such person neglects or refuses to pay such tax after demand. Section 3671, supra, provides that unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time. Without more, each lien holder's rights would begin on date of perfection, including priority, but Sec. 3466, R.S., 31 U.S.C.A. § 191 gives the Government priority whenever any person indebted to the United States is insolvent, and the Government claims the benefit of this statute. The State claims that the debtor was not insolvent within the meaning of Sec. 3466 (191), supra, and that the statute does not apply in the instant case citing United States v. Oklahoma, 261 U.S. 253, 43 S.Ct. 295, 67 L.Ed. 638, which holds that a debtor is not insolvent through mere inability to pay all of his debts in the ordinary course of business within the meaning and operation of Sec. 3466, supra. There it was shown that though the debts could not be paid in the ordinary course of business yet there were sufficient assets to satisfy all debts and claims against the State Bank

which had been declared insolvent and taken over by the State Bank Commissioner, who, of course, would not operate the bank in the ordinary course of business, but would take the bank through the process of reorganization or liquidation. In that case it was held that under Sec. 3466(191) supra, an insolvent debtor was a debtor who did not have sufficient property to pay all of his debts, which was not true of the bank.

In the instant case there is no question of the inadequacy or insufficiency of the debtor's property to pay all of its debts, thus, through the insolvency of the debtor, the rule of priority in favor of the Government must prevail. We therefore hold that where, as here, the lien of the State and that of the Government are both general, and the taxpayer is insolvent. Sec. 3466 (191) supra, clearly awards priority to the Government. On this issue see also United States v. Gilbert Associates, Inc., supra.

Judgment affirmed.

HALLEY, C. J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

ARNOLD, J., concurs in conclusion.