Rockingham,
No. 4917.

PITCHER & COMPANY, INC.

*v.*

RALPH NAY CONSTRUCTION CO. & *a.*

Argued May 2, 1961.

Decided June 30, 1961.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* (*Mr. Morse* orally), for the surety, Employers' Fire Insurance Company.

*Maurice P. Bois,* United States Attorney, and *Alexander J. Kalinski,* Assistant United States Attorney (*Mr. Kalinski* orally), for the United States of America.

DUNCAN, J.   Under the terms of its agreement with the defendant surety, the contractor, as principal on the bond, assigned to the surety "any and all moneys . . . that may become due and payable at the time of . . . default, or that may thereafter become due and payable . . . on account of said contract."   It is evident from the agreed facts, that a default occurred within the meaning of the contract between the contractor and the surety at least as early as April 4, 1958, when under RSA 447:17 the plaintiff filed its notice of a claim in excess of any sum in the hands of the district indicating that the contractor had failed to pay bills for labor and materials when they became due.   The contractor's failure to pay subcontractors was likewise a default under its contract with the district "to provide all . . . labor and materials."   *Bender* v. *Neillsville Bank,* 10 Wis. 2d 282.

It follows that by the terms of the assignment from the contractor to the surety of all moneys due from the district, the surety became fully entitled on or before April 4, 1958 to the balance retained by the district.   *American Employers Ins. Co.* v. *School District,* 99 N. H. 188.   See 4 Corbin, Contracts, *s.* 875, *p.* 512.

It is expressly provided by the statute creating the liens of the United States for taxes, that the liens "shall arise at the time the assessment is made." 26 U. S. C., s. 6322. The earliest assessment in this case was on December 12, 1958, or better than eight months after the rights of the surety under its assignment had become absolute. The federal statute further provides that the lien "shall be . . . upon all property and rights to property . . . belonging to" the taxpayer. 26 U. S. C., s. 6321. And while interpretation of the statute rests with the United States Supreme Court (*United States v. Gilbert Associates*, 345 U. S. 361, 363), that court holds that the issue of "whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach" is to be determined by state law. *Aquilino v. United States*, 363 U. S. 509, 512-513. See also, *United States v. Durham Lumber Co.*, 363 U. S. 522; *United States v. Bess*, 357 U. S. 51, 55.

Under the law of this state, on the date of the earliest assessment of federal taxes, which was December 12, 1958, the contractor had no property or right of property in the funds retained by the district. It had previously assigned to the surety all of its interest in the funds, as "moneys . . . due and payable at the time of . . . default," which had also previously occurred. As assignee, the surety was then entitled to proceed directly against the district. *Marsh v. Garney*, 69 N. H. 236. See *United States v. Durham Lumber Co.*, 363 U. S. 522, *supra*, 525. If the interest of the surety at the outset could be regarded as a security interest only (see *United States v. Ball Construction Co.*, 355 U. S. 587), when default occurred it became immediately enforceable, and complete right to the funds vested irrevocably in the surety which was thereupon obligated to satisfy the subcontractors' claims. RSA 447:15-18. See 4 Corbin, Contracts, s. 903 supp. and footnote 72.

As taxpayer, the contractor had no property interest in the funds to which the lien of the United States could attach. *Central Surety & Insurance Corp. v. Martin Infante Co.*, 272 F. 2d 231 (3d Cir. 1959); *Matter of City of New York (USA v. Coblentz)* 5 N. Y. 2d 300, *cert. den.* 363 U. S. 841. It could not compel the district "to pay the retained percentage to [it] because of [its] failure to pay the laborers and materialmen." *United States v. Chapman*, 281 F. 2d 862-864, 866 (10th Cir. 1960); *Fidelity & Deposit Co. v. New York City Housing Authority*, 241 F. 2d 142 (2d Cir. 1957). It follows that the claim of the surety to the funds in the hands of the district takes precedence over the tax claims of the United

States, and that the ruling and order of the Trial Court were erroneous.

This conclusion makes it unnecessary to consider whether the surety is likewise entitled to prevail by subrogation to the rights of the district by reason of the statutory transfer to the surety of the district's liability to subcontractors. RSA ch. 447, *supra*. See *United States* v. *Durham Lumber Co.*, 363 U. S. 522, 525, *supra; American Bridge Co.* v. *Company*, 87 N. H. 62, 63.

*Exception sustained.*

All concurred.