## Commonwealth v. Wilson Lumber Company

*Julias Altman,* for Commonwealth.

*Carlon O'Malley, Jr.,* and *Bernard J. Brown,* for United States.

HOBAN, P. J., April 16, 1962.—On execution initiated by plaintiff, the sheriff of Lackawanna County sold personal property of defendant, Wilson Lumber Company, on February 27, 1958. Deducting costs, the sheriff has for distribution the sum of $956.26. Both the Commonwealth and the United States claim the fund, so the sheriff petitioned for leave to pay the money into court and have the court decree distribution.

Each of the conflicting claims would exhaust the fund; there are no other claimants with possible priorities, so the question comes down to one of priorities between two sovereigns.

The facts are simple and undisputed.

The Commonwealth filed a lien with the prothonotary of Lackawanna County for unpaid contributions to the unemployment compensation fund on May 20, 1954, and another one on July 3, 1954.

The United States filed its notice of lien for unpaid withholding and social security taxes on September 3, 1954.

Scire facias sur lien issued on the Commonwealth liens on June 10, 1955, judgments were entered there-

on on August 4, 1955, and fi. fas. were issued and delivered to the sheriff on September 6, 1955. Levy and sale followed.

The United States contends that its lien is a perfected, choate, lien, and under Federal law by right of sovereignty takes precedence over any other lien, except those as to which it has waived sovereignty (liens of mortgagee, pledgee, purchaser or judgment creditor), and as to those the Federal lien is effective from the day of filing of notice in the proper office, and the United States then acknowledges the principle of "prior in time, prior in right".

Pennsylvania cannot assert sovereignty over the United States; hence if the Commonwealth lien is to take priority by reason of timely filing, it must be within one of the categories as to which the United States has waived sovereignty. It is obvious that the Commonwealth is not a mortgagee, a pledgee, nor a purchaser. Is it in law entitled to the status of judgment creditor upon the filing of its lien and before proceedings to secure a formal judgment are pursued?

In Ferbo Trading Corporation v. Jo-Mar Dress Corporation, 78 D. & C. 337 (1951), we held that the Commonwealth liens were entitled to judgment creditor status and granted priority over United States liens on the first in time, first in right principle.

We felt justified in so doing on the authority of several circuit court of appeal cases.

Since then, however, a series of decisions by the United States Supreme Court have laid down principles which are contrary to our holding in Ferbro.

The United States will not question the nature and effect of a State tax proceeding in a given State which is free to give its own interpretation for the purpose of its own internal administration: United States v. Gilbert Associates, Inc., 345 U. S. 361, 73 S. Ct. 701 (1953).

But the meaning of a Federal statute is for the United States Court to decide: United States v. Gilbert Associates, Inc., supra.

. The characteristic of a lien as specific and perfected by the State court of last resort is not conclusive against the Federal government: United States v. City of New Britain, 347 U. S. 81, 74 S. Ct. 367 (1954).

Whether a State lien is perfected and choate vis a Federal lien is a Federal question, to be decided under Federal law: United States v. Scovil, 348 U. S. 218, 75 S. Ct. 244 (1955).

The words "judgment creditor" as used in the Internal Revenue Code must be taken in the usual sense of a judgment of a court of record. In Gilbert Associates, supra, the United States Supreme Court used this language:

"A cardinal principle of Congress in its tax scheme is uniformity, as far as may be. Therefore, a 'judgment creditor' should have the same application in all the states. In this instance, we think Congress used the words 'judgment creditors' in §3672 in the usual, conventional sense of a judgment of a court of record, since all states have such courts. We do not think Congress had in mind the action of taxing authorities who may be acting judicially as in New Hampshire and some other states, where the end result is something 'in the nature of a judgment,' while in other states the taxing authorities act quasi-judicially and are considered administrative bodies."

In Gilbert Associates, the town of Walpole, New Hampshire, sold certain machinery of defendants for unpaid taxes levied under State law, but never took the property into possession. In receivership proceedings (under State law) to liquidate the company, a sale was held, and the priority question arose. The United States had filed its lien after the levy of the

town taxes but before the first tax sale. The Supreme Court of New Hampshire held that the lien of the town taxes took priority over the Federal lien as a perfected and specific lien. The United States Supreme Court held that,

"In claims of this type, 'specificity' requires that the lien be attached to certain property by reducing it to possession, on the theory that the United States has no claim against property no longer in the possession of the debtor . . . The taxpayer had not been divested by the Town of either title or possession. The Town, therefore, had only a general, unperfected lien . . ."

The Pennsylvania Unemployment Compensation Law (Act of December 5, 1936, P. L. (1937) 2897, as supplemented and amended, 43 PS §788.1) provides for the establishment of liens on both real and personal property against employers for unpaid contributions to the unemployment compensation fund from the date of filing in the prothonotary's office, and for priority over other liens, except mortgages on real estate, on distribution of the proceeds of a judicial sale. In Ferbro v. Jo-Mar, supra, this court held that such liens put the Commonwealth in the status of a judgment creditor, even before execution, and granted priority over a Federal lien.

In Ersa, Inc. v. Dudley, 234 Fed. 2d 178 (CCA-3, 1956), the question of priorities came squarely before the United States Court of Appeals for the Third Circuit. It was there decided that a Pennsylvania lien against personal property for unemployment compensation delinquencies was unperfected and inchoate, within the meaning of Federal law, and gave priority to Federal liens filed *after judgment in the State court, but before fi. fas. issued.* (Execution in Pennsylvania is now commenced by writ of execution, Pa. R. C. P. 3103, effective November 1, 1960).

The circuit court reasoned that under established

Pennsylvania law such liens could not be enforced against personal property until a writ of execution was placed in the hands of the sheriff; therefore, under Federal law, Pennsylvania's lien was neither perfected nor choate until the sheriff received the writ. For its interpretation of Pennsylvania law, the court relied on Commonwealth v. Lombardo, 356 Pa. 597 (1947), wherein it was decided that an unemployment compensation lien filed against a delinquent employer and prosecuted to judgment could not bind an automobile transferred by the delinquent to an innocent third party after the judgment, but before the fi. fa. issued.

"It thus appears that the mere filing of the lien . . . and its reduction to judgment does not create a perfected lien upon the delinquent employer's personal property. The filing of the lien is only 'a caveat of a more perfect lien to come' ": Ersa, Inc. v. Dudley, supra.

From the foregoing authorities we must conclude:

(a). The filing of the Commonwealth's liens for delinquent unemployment contributions does not give the Commonwealth the status of judgment creditor. Nor can the reduction to judgment of these liens in the case at bar avail the Commonwealth since the Federal lien antedated the judgments.

(b). The interpretation by Federal courts of the lien provisions of the Internal Revenue Code are binding on this court.

(c). Under the Federal decisions cited, the liens of the Commonwealth were neither perfected nor choate as of the date of filing whereas the lien of the United States was perfected and choate. Accordingly, the liens of the Commonwealth cannot be sustained as against the United States as prior in time, prior in right.

(d). The United States is entitled to judgment for the fund paid into court by the sheriff.

702

Now, April 16, 1962, judgment is directed to be entered in favor of the United States of America, claimant, and against the Commonwealth of Pennsylvania, execution plaintiff, for the amount in controversy, $956.26, and the prothonotary is directed to pay the same to the collector of internal revenue of the United States at Scranton, Pennsylvania.