UNITED STATES of America,
Plaintiff,

v.

MORRISON INDUSTRIES, INC., et al.,
Defendants.

Civ. Nos. C 62–691, C 62–707.

United States District Court
N. D. Ohio, E. D.

Nov. 29, 1963.

Merle M. McCurdy, U. S. Atty., Gerald J. Celebrezze, Asst. U. S. Atty., for plaintiff.

John T. Corrigan, F. M. Surtz, Cleveland, Ohio, for Cuyahoga County, Ohio.

Belkin, Barnett, Kent & Shapiro, Cleveland, Ohio, for Irving Katz, intervener.

Morris M. Sokolsky, Asst. Atty. Gen., for State of Ohio, Department of Taxation.

Receiver John M. Manos, Cleveland, Ohio.

Sidney N. Weitz, Cleveland, Ohio, for Sydney L. Hirsch.

Sheldon S. Reynolds, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, for Consolidated Iron & Steel Mfg. Co.

CONNELL, Chief Judge.

The matter presently before this Court results from the consolidation of two actions: the first, an action of foreclosure brought by the mortgagee, Hirsch, against Morrison Industries, initiated in the Common Pleas Court and removed by the United States to this Court: and the second, an action originally filed here by the United States to foreclose certain tax liens. A receiver was appointed and the real property sold producing a fund of $170,000.00. The precise issue before us at this time involves the disposition of that fund and the relative priorities of the parties.

From a stipulation entered into by the mortgagee, Hirsch, the United States and Cuyahoga County, the following summary may be drawn.

Defendant, Morrison Industries, Inc., executed a mortgage in the amount of $106,000.00 on the above-mentioned real estate which was assigned to defendant, Hirsch. The mortgage and the assignment was duly recorded January 22, 1957. Defendant, Morrison Industries, is in default thereon, and there is due Hirsch on said mortgage, the sum of $86,096.66 with interest at 8% per annum from July 9, 1962.

The plaintiff, United States of America, filed notice of a tax lien against Morrison Industries on August 25, 1958 in the amount of $393,784.04 in the Cuyahoga County Records. There is a sum now owing from defendant, Morrison Industries, to the United States in excess of the above figure.

The defendant, Morrison Industries, has not paid the defendant, Cuyahoga County, for real estate taxes due on the above-mentioned property for the years 1957 to 1962, inclusive. The sum of $65,451.34, representing the aforementioned taxes plus interest and penalties, has been paid from the proceeds of the sale of said real estate pursuant to an order of this Court. By stipulation of the parties, this payment will not affect the determination of priorities.

By stipulation of the parties, again, the question of the insolvency of Morrison Industries will be determined after all parties have the opportunity to offer evidence and be heard, in the event that this Court determines that Section 191 of Title 31 U.S.C. is applicable to the instant case.

Section 191 of Title 31 U.S.C. provides that "[w]henever any person indebted to the United States is insolvent * * * the debts due to the United States shall be first satisfied * * *."

This Section, binding on both the federal and state courts, establishes absolutely the priority between the federal and state taxes due from the fund present in Court. United States v. City of New Britain, Conn., 347 U.S. 81, 85, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

There is no dispute among the parties as to the priority of the mortgage over the federal tax lien, whether because of an implied exception to Section 191, above, or because of the provisions of Section 6323 of Title 26.

From the briefs of the parties, an agreement is apparent that the first division of the fund is a setting aside of an amount sufficient to satisfy the mortgage, with the remainder to go to the United States, holder of the next priority. This division exhausts the fund.

The classic problem of "circular priorities" results from the presence of the state tax lien. By state law, this lien is prior to the mortgage. By federal law this lien is not prior to the federal tax lien unless, possibly, it be so "specific" as to merit priority, a point never ruled on by the Supreme Court because they have never found such "specificity." Cf. United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071 (1953).

The priority is circular because the mortgage is prior to the federal lien which is prior to the state lien which is in turn prior to the mortgage.

The precise practical point before us is the determination as to which portion shall bear the state tax. If the mortgagee bears that burden, his priority under federal law is impinged. If the federal government bears the burden, a new priority under the federal law is created.

It is clear that Section 191, if applicable, is controlling. It is also clear that the purpose of that section is to safeguard the collection of federal taxes and that it has no concern with state revenues.

After the imposition of this priority, the federal government leaves to the state the matter of its own collection of taxes. The state of Ohio has seen fit to assume a priority over the mortgagee. As between these parties, state law must control. Therefore, it appears that the state tax lien must be enforced against the mortgagee. United States v. City of New Britain, Conn., 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954); Southern Ohio Savings Bank & Trust Co. v. Bolce, 165 Ohio St. 201, 135 N.E.2d 382 (1956).

The foregoing discussion assumes the general applicability of Section 191, and establishes the priorities thereunder. Pursuant to the stipulation of the parties, a hearing will be set to determine the application of that section according to the facts in this case i. e. the insolvency of Morrison Industries. No reason in law has been presented to this Court why the section is not applicable.

■ Because of the above determination, no ruling is presently necessary to determine the "choateness" of the state tax liens. When Section 191 is applicable, the priority of the federal tax lien is absolute; there is no necessity to resort to the rule of "first in time, first in right."

Likewise, there is no merit in the argument that Morrison as transferee of the taxpayer is not liable herein. See 26 U.S.C. § 6901(a).

■ Accordingly, a hearing is hereby ordered on the question of insolvency and the applicability of § 191 of Title 31 U.S.C.