ROBISON-ANTON TEXTILE CO., ETC., PLAINTIFF, v. EM-
BROIDERY PRODUCTS CORPORATION, ETC., DEFEND-
ANT.
UNITED STATES OF AMERICA, CREDITOR-APPELLANT,
AND THEODORE COHEN, RECEIVER OF EMBROIDERY
PRODUCTS CORPORATION, ETC., DEFENDANT-RE-
SPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 23, 1967—Decided November 14, 1967.

Before Judges CONFORD, COLLESTER and LABRECQUE.

*Mr. Matthew J. Scola,* Assistant United States Attorney, argued the cause for appellant United States of America (*Mr. David M. Satz, Jr.,* United States Attorney, attorney).

*Mr. Marvin A. Stern* argued the cause for respondent Theodore Cohen, receiver of Embroidery Products Corporation (*Messrs. Bozzuffi and Stern,* attorneys).

No appearance for respondent wage-claimants.

PER CURIAM. The trial court awarded priority of lien against the assets of defendant corporation in favor of wage claimants as against taxes due and owing the United States of America. The order of adjudication of insolvency was entered in the Chancery Division April 30, 1965. The wage claims were for periods up to April 3, 1965. The taxes had accrued and were due long prior to insolvency.

The trial court erred, perhaps because of the absence of supporting argument in favor of the Government's claim of priority at the hearing beyond the mere assertion thereof by its representative. There is no question about the general primacy of the wage claimant's position under New Jersey law. *N. J. S. A.* 34:11–31; *R. S.* 34:11–33; *N. J. S.* 2A: 19–30. But federal statute law giving debts owing the

United States as of the date of insolvency absolute priority is paramount in the matter. 31 *U. S. C. A.*, § 191; *Com. of Massachusetts v. United States,* 333 *U. S.* 611, 68 *S. Ct.* 747, 92 *L. Ed.* 968 (1948) ; *United States v. Gilbert Associates,* 345 *U. S.* 361, 73 *S. Ct.* 701, 97 *L. Ed.* 1071 (1953) ; *cf. United States v. State of Vermont,* 377 *U. S.* 351, 358, 84 *S. Ct.* 1267, 12 *L. Ed.* 2d 370 (1964), where insolvency of the debtor was not involved.

▪▪ Unless and until the competing lien has become "specific and perfected," the paramountcy of the federal lien is unabated. Furthermore, such specific and perfected character of the other lien must have attached prior to the insolvency. *Spokane County v. United States,* 279 *U. S.* 80, 93–94, 49 *S. Ct.* 321, 73 *L. Ed.* 621 (1929) ; *United States v. State of Texas,* 314 *U. S.* 480, 484–486, 62 *S. Ct.* 350, 86 *L. Ed.* 356 (1941) ; *United States v. Waddill, Holland & Flinn,* 323 *U. S.* 353, 355, 65 *S. Ct.* 304, 89 *L. Ed.* 294 (1945). "Specificity" is required to be established by the lienor reducing the property to possession. *United States v. Gilbert Associates, supra* (345 *U. S.,* at *p.* 366, 73 *S. Ct.* 701).

▪ Here the wage claimants did not obtain possession until after the insolvency, when the receiver made distribution pursuant to the decision of the trial court.

▪ We do not regard this controversy as mooted by the distribution of the funds. Leave to appeal from the order, which was interlocutory, is herewith granted *nunc pro tunc.*

Reversed, without costs.