IN THE MATTER OF THE DISSOLUTION OF CO-MED DRUG
COMPANY, INC

TAXATION—CORPORATIONS—INSOLVENCY—PRIORITY.

> A tax claim of the United States has priority over a city's claim
> for personal property taxes and where the amount of the lien
> filed by the United States exceeds the total assets of the
> corporation being dissolved, the Court of Appeals will not
> disturb a policy decision of the United States to allocate admin-
> istrative expenses from its priority (31 USC 191).

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 June 22, 1973, at Detroit. (Docket No. 12862.) Decided August 30, 1973. Leave to appeal denied, 391 Mich —.

Co-Med Drug Company, Inc., filed a petition for corporate dissolution. The City of Detroit and the United States Internal Revenue Service filed their claims against Co-Med Drug Company, Inc., for back taxes. The receiver requested instructions from the Wayne Circuit Court to determine priority. The judgment denied the city recovery. The City of Detroit appeals. Affirmed.

*Michael M. Glusac,* Corporation Counsel, and *Joseph Maisano,* Assistant Corporation Counsel, for the City of Detroit.

*Scott P. Crampton,* Assistant Attorney General of the United States, and *Meyer Rothwacks, Crombie J. D. Garrett,* and *James H. Bozarth,* Attorneys, Tax Division, Department of Justice *(Ralph B. Guy, Jr.,* United States Attorney, and *Fred M.*

REFERENCE FOR POINTS IN HEADNOTE
51 Am Jur, Taxation §§ 793–802.

*Mester,* Assistant United States Attorney, of counsel), for the United States of America.

Before: QUINN, P. J., and J. H. GILLIS and BASHARA, JJ.

PER CURIAM. City of Detroit appeals from the judgment of the trial court which denied the city recovery of 1969 personal property taxes assessed against Co-Med Drug Company, Inc.

Appellee, the United States, has accepted the following statement of facts by appellant:

"On November 26, 1969, Co-Med Drug Company, Inc., a Michigan corporation, having its principal place of business in the City of Detroit, State of Michigan, filed a petition for corporate dissolution. An order dissolving the corporation and appointing a permanent receiver was entered by the court. On February 15, 1970, the City of Detroit filed its claim against the subject debtor for 1969 and 1970 personal property taxes in the amounts of $1,760.66 and $751.52 respectively, the latter tax item being claimed as an expense of administration. On March 16, 1970, the United States Internal Revenue Service filed a proof of claim for various items of federal taxes assessed at varies [sic] dates in the amount of $13,407.92 and asserted priority thereon under Section 3466 of the Revised Statutes (31 USCA 191). On March 8, 1971, the Internal Revenue Service filed an amended claim in the amount of $11,764.18. All the assets of the debtor have been liquidated and the receiver has on hand for distribution to creditors the sum of $11,277.77. The total claims filed are substantially in excess of the funds available for distribution."

It is the position of the city that *In re Dissolution of Ever Krisp Food Products Co,* 307 Mich 182; 11 NW2d 852 (1943), dictates that its claim for 1969 personal property taxes has priority over the claim of the United States for its taxes. The United States contends that *United States v Gil-*

*bert Associates, Inc,* 345 US 361; 73 S Ct 701; 97 L Ed 1071 (1953), controls and establishes the priority of the United States tax claim.

The trial judge agreed with the United States and overruled *Ever Krisp, supra.* The Court also ruled that the priority of the United States was subject to the prior payment of administration expenses allowed in the amount of $9,747.50. We agree. See also 31 USC 191.[1]

The amount of the lien filed by the United States exceeded the total assets of the estate. The policy decision that the United States may wish to allocate the administration expenses from that portion of its priority should not be disturbed by this Court. See *In the Matter of the Estate of William H. Reynolds,* 38 Misc 2d 278; 235 NYS2d 752 (1962).

Affirmed.

---

[1] "Whenever any person indebted to the United States is insolvent, * * * the debts due to the United States shall be first satisfied; * * * ."