# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-01739-SCT

*IN RE: THE ESTATE OF RANDALL SCOTT*
*DAVIS DECEASED:*
*ROBIN E. DAVIS, ADMINISTRATRIX AND*
*UNITED STATES OF AMERICA*

*v.*

*MISSISSIPPI STATE TAX COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/22/2009 |
| TRIAL JUDGE: | HON. C. MICHAEL MALSKI |
| COURT FROM WHICH APPEALED: | LEE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | KENNETH W. ROSENBERG |
| ATTORNEYS FOR APPELLEE: | JAMES L. POWELL |
| | STEPHANIE V. ROGERS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | REVERSED AND REMANDED - 10/07/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., RANDOLPH AND CHANDLER, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     In this appeal, the Internal Revenue Service of the United States (IRS) and the Mississippi State Tax Commission (Commission) both claim priority interests in the funds of an insolvent estate.  The Chancery Court of Lee County found that the Commission's claim had priority because the Commission had filed notices of tax lien and qualified as a "judgment lien creditor" under 26 U.S.C. § 6323.  We find that, because the notices of tax lien were not judgments of a court of record as required by federal law, the Commission did

not qualify as a "judgment lien creditor," and the IRS was entitled to priority. Therefore, we reverse and remand for appropriate distribution of the interpleader funds.

**FACTS**

¶2. Randall Scott Davis died intestate on December 6, 2004. Davis had not paid federal or state taxes for the years 1997 through 2004. The estate administratrix filed the overdue tax returns but failed to remit the taxes owed on the returns. Between August 8, 2005, and October 3, 2005, the Internal Revenue Service of the United States assessed federal tax liabilities against Davis's estate. On October 6, 2005, and November 15, 2005, the Mississippi State Tax Commission filed notices of tax lien in the Chancery Court of Lee County for the years 1997 through 2004.

¶3. On petition of the administratrix of Davis's estate, the chancery court declared the estate to be insolvent, approved the sale of all assets, and initiated probate proceedings. In the probate proceedings, the IRS and the Commission both filed claims for unpaid taxes. The IRS claimed $209,612.85 for unpaid federal tax liabilities, and the Commission claimed $24,768.01 for unpaid state tax liabilities. Each taxing authority claimed priority. After a hearing, the chancery court determined all claims to be inferior to those asserted by the IRS and the Commission, and continued the hearing on the issue of priority. The estate filed an interpleader petition, which was granted by agreed order. The interpleader fund amounted to $23,900.18, after deductions of $3,000 for administratrix fees and $3,000 for attorney's fees.

¶4. Upon consideration of the competing tax claims, the chancellor found that the Commission was entitled to the funds. The chancellor determined that under 31 U.S.C. §

2

3713(a)(1)(B), commonly known as the federal priority statute, a claim of the United States against a deceased debtor's insolvent estate is entitled to priority. However, the chancellor determined that the Commission would be entitled to priority if it qualified as a "judgment lien creditor" under 26 U.S.C. § 6323(a). *See **United States v. Romani***, 523 U.S. 517, 118 S. Ct. 1478, 140 L. Ed. 2d 710 (1998). The chancellor held that what constitutes a judgment is a matter of state law. The chancellor found that, because Mississippi Code Section 27-7-55 gives an enrolled notice of tax lien the status of a judgment, the Commission was a "judgment lien creditor" and entitled to a first priority interest in the interpleader funds. The IRS appeals from this decision.

## STANDARD OF REVIEW

¶5.     This appeal presents a question of law, for which the standard of review is de novo. ***Zumwalt v. Jones County Bd. of Supervisors***, 19 So. 3d 672, 682 (Miss. 2009).

## LAW AND ANALYSIS

### I. WHETHER THE COMMISSION WAS A JUDGMENT LIEN CREDITOR AND ENTITLED TO PRIORITY OVER THE FEDERAL TAX LIEN.

¶6.     In the absence of a federal statute, the common-law rule of "first in time, first in right" applies to determine the priority of tax liens and other liens in favor of the federal government. ***U.S. v. McDermott***, 507 U.S. 447, 449, 113 S. Ct. 1526, 1528, 123 L. Ed. 2d 128 (1993). The federal priority statute, also known as the insolvency statute, bestows priority upon certain claims of the federal government. 31 U.S.C. § 3713 (2006). The federal priority statute states, in pertinent part:

§ 3713. Priority of Government claims

3

(a)(1) A claim of the United States Government shall be paid first when --

    (A) a person indebted to the Government is insolvent and --

        (i) the debtor without enough property to pay all debts makes a voluntary assignment of property;

        (ii) property of the debtor, if absent, is attached; or

        (iii) an act of bankruptcy is committed; or

    (B) the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor.

(2) This subsection does not apply to a case under title 11.

31 U.S.C. § 3713 (2006).

¶7.    This appeal concerns the intersection between the federal priority statute and Section 6323(a) of the Federal Tax Lien Act of 1966, which provides an exception to federal priority for judgment lien creditors. 26 U.S.C. § 6323(a) (2006); *United States v. Romani*, 523 U.S. 517, 118 S. Ct. 1478, 140 L. Ed. 2d 710 (1998). Under the Federal Tax Lien Act, when a person fails to pay a tax after demand, a lien arises in favor of the United States upon all of the real or personal property and rights to property belonging to the debtor. 26 U.S.C. § 6321 (2006). This lien arises at the time the tax assessment is made, and continues until the liability for the assessed amount is satisfied or becomes unenforceable due to lapse of time. 26 U.S.C. § 6322 (2006). Section 6323(a) provides: "[t]he lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary." 26 U.S.C. § 6323(a) (2006). Thus, under Section 6323(a), a federal tax lien is invalid as to a first-in-time judgment lien creditor. In *United States v. Romani*, 523 U.S. 517, 534, 118 S. Ct. 1478, 1488, 140 L. Ed. 2d 710 (1998), the United States Supreme Court established that the federal priority statute does not give priority to an

4

unrecorded federal tax lien when the competing claimant is a judgment lien creditor under Section 6323(a).

¶8.    A federal regulation defines "judgment lien creditor" for the purposes of Section 6323(a).  26 C.F.R. § 301.6323(h)-1(g) (1976).  The regulation states:

> **(g) Judgment lien creditor.** *The term "judgment lien creditor" means a person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property or for a certain sum of money.*  In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved.  A judgment lien is not perfected until the identity of the lienor, the property subject to the lien, and the amount of the lien are established.  Accordingly, a judgment lien does not include an attachment or garnishment lien until the lien has ripened into judgment, even though under local law the lien of the judgment relates back to an earlier date.  If recording or docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under such local law is not perfected with respect to real property until the time of such recordation or docketing.  If under local law levy or seizure is necessary before a judgment lien becomes effective against third parties acquiring liens on personal property, then a judgment lien under such local law is not perfected until levy or seizure of the personal property involved.  *The term "judgment" does not include the determination of a quasi-judicial body or of an individual acting in a quasi-judicial capacity such as the action of State taxing authorities.*

26 C.F.R. § 301.6323(h)-1(g) (1976) (emphasis added).

¶9.    A Mississippi statute gives a notice of tax lien filed by the Commission the status of a judgment.  Miss. Code Ann. § 27-7-55 (Rev. 2006).  Section 27-7-55 provides, in pertinent part:

> *If any taxpayer, liable for the payment of income taxes, penalties or interest, fails or refuses to pay them after receiving the notice and demands as provided in Sections 27-7-49, 27-7-51 and 27-7-53, and if the taxpayer has not filed a timely appeal to the board of review as provided by law, the commissioner shall file a notice of tax lien for the income taxes, penalties and interest with the circuit clerk of the county in which the taxpayer resides or owns property,*

5

*which shall be enrolled on the judgment roll.* Immediately upon receipt of the notice of tax lien for income taxes, penalties and interest, the circuit clerk shall enter upon the judgment roll, in the appropriate columns, the name of the taxpayer as judgment debtor, the name of the commissioner or State Tax Commission as judgment creditor, the amount of the taxes, penalties and interest, and the date and time of enrollment. *The judgment shall be valid as against mortgagees, pledgees, entrusters, purchasers, judgment creditors, and other persons from the time of filing with the clerk. The amount of the judgment shall be a debt due the State of Mississippi and remain a lien upon all property and rights to property belonging to the taxpayer, both real and personal, including choses in action, with the same force and like effect as any enrolled judgment of a court of record, and shall continue until satisfied;* however, the judgment shall not be a lien upon the property of the taxpayer for a longer period than seven (7) years from the date of the filing of the notice of tax lien for income taxes, penalties and interest unless an action is brought on the lien before the expiration of such time or unless the commissioner refiles the notice of tax lien before the expiration of such time. The judgment shall be a lien upon the property of the taxpayer for a period of seven (7) years from the date of refiling such notice of tax lien unless an action is brought on the lien before the expiration of such time or unless the commissioner refiles such notice of tax lien before the expiration of such time. There shall be no limit upon the number of times that the commissioner may refile notices of tax liens. The judgment shall serve as authority for the issuance of writs of execution, writs of attachment, writs of garnishment or other remedial writs. The commissioner may issue warrants for collection of income taxes from such judgments in lieu of the issuance of any remedial writ by the circuit clerk.

Miss. Code Ann. § 27-7-55 (Rev. 2006) (emphasis added).

¶10. Federal tax liens against Davis's estate arose under Section 6321 on the dates of the IRS assessments, made between August 8, 2005, and October 3, 2005. 26 U.S.C. §§ 6321, 6322 (2006). The Commission filed its notices of tax lien in chancery court on October 6, 2005, and November 15, 2005. Although no notice of the federal liens was filed in chancery court, the IRS argued that the federal liens had priority under the federal priority statute, which gives priority to a federal claim when "the estate of a deceased debtor, in the custody of the executor or administrator, is not enough to pay all debts of the debtor." 31 U.S.C. §

6

3713(a)(1)(B) (2006). However, the Commission argued that it had priority because Section 27-7-55 gave the notices of tax lien the status of judgments, qualifying the Commission as a judgment lien creditor under Section 6323(a). The chancellor agreed, and held that the Commission was a judgment lien creditor and was entitled to be paid first.

¶11. On appeal, the IRS and the Commission agree that the Commission would have had priority if it was a judgment lien creditor within the meaning of Section 6323(a). 26 U.S.C. § 6323(a) (2006). The parties disagree on whether the Commission met the definition of "judgment lien creditor." The Commission contends that it qualified as a judgment lien creditor because, under Section 27-7-55, a notice of tax lien has the status of a judgment; therefore, the Commission was a judgment lien creditor. 26 U.S.C. § 6323(a) (2006). The IRS argues that, although the notices of tax lien had the status of judgments for state law purposes, the meaning of "judgment lien creditor" is determinable under federal law. The IRS argues that the Commission was not a judgment lien creditor as that term has been interpreted by federal law.

¶12. In support of its argument, the IRS relies on the federal regulation that defines "judgment lien creditor" and a United States Supreme Court opinion that held the term "judgment creditor" should have the uniform meaning in all the states of a judgment of a court of record. 26 C.F.R. § 301.6323(h)-1(g) (1976); *United States v. Gilbert Assoc., Inc.*, 345 U.S. 361, 364, 73 S. Ct. 701, 703, 97 L. Ed. 1071 (1953). The IRS contends that the Commission did not meet the definition of "judgment lien creditor" provided by the applicable federal regulation because the enrolled notice of tax lien was based on an administrative determination rather than a court judgment. *See* 26 C.F.R. § 301.6323(h)-1(g)

7

(1976). The IRS points out that the regulation specifically states that "the term 'judgment' does not include the determination of a quasi-judicial body or of an individual acting in a quasi-judicial capacity such as the action of State taxing authorities." 26 C.F.R. § 301.6323(h)-1(g) (1976).

¶13. The IRS relies upon *United States v. Gilbert Associates, Inc.*, 345 U.S. 361, 73 S. Ct. 701, 97 L. Ed. 1071 (1953). *Gilbert* presented substantially the same issue that this case presents. In *Gilbert*, the Town of Walpole, New Hampshire, assessed taxes against an insolvent corporation on April 1, 1947, and April 1, 1948. *Id.* at 362. On August 6, 1948, the federal government filed a notice of tax lien in the federal district court. *Id.* The Supreme Court of New Hampshire held that the state tax assessments had priority because the assessments were "in the nature of a judgment" under New Hampshire law, making the State a "judgment creditor" under section 3672 of the Internal Revenue Code, the predecessor to Section 6323. *Id.* at 363. The United States Supreme Court reversed. The Court reasoned that:

> A cardinal principle of Congress in its tax scheme is uniformity, as far as may be. Therefore, a "judgment creditor" should have the same application in all the states. In this instance, we think Congress used the words "judgment creditor" in § 3672 in the usual, conventional sense of a judgment of a court of record, since all states have such courts. We do not think Congress had in mind the action of taxing authorities who may be acting judicially as in New Hampshire and some other states, where the end result is something "in the nature of a judgment," while in other states the taxing authorities act quasi-judicially and are considered administrative bodies.

*Id.* at 364. The court concluded that "whatever the tax proceedings of the Town of Walpole may amount to for the purposes of the State of New Hampshire, they were not such proceedings as resulted in making the Town a judgment creditor within the meaning of

8

s[ection] 3672." ***Id.*** at 365. The court further held that, because the taxpayer was insolvent, the federal priority statute applied, granting the United States priority over the prior-recorded lien of the Town. ***Id.*** at 365-66. It is apparent that the distinction in 26 C.F.R. § 301.6323(h)-1(g) between a judgment of court of record and a determination of a quasi-judicial body, such as a state taxing authority, restates the holding in ***Gilbert***.

¶14. The Commission argues that ***Gilbert***, which was written in 1953, is not relevant caselaw because it was superceded by the Federal Tax Lien Act of 1966 and because it pre-dated ***Romani*** by forty-five years. The Court disagrees for two reasons. First, ***Gilbert*** remains fully viable after ***Romani***. *See **Reed v. Civiello***, 297 F. Supp. 2d 1008, 1013 (N.D. Ohio 2003) (stating that "[t]he seminal case on whether a lien-owner is a judgment lien creditor is . . . ***Gilbert*** . . . ."). In ***Romani***, one party had been deemed a judgment lien creditor by virtue of a court judgment, and the issue of whether the party qualified as a judgment lien creditor was not before the court. Instead, the ***Romani*** court determined whether Section 6323 determined priority even when the debtor was insolvent. ***Romani***, 523 U.S. at 534. Therefore, ***Romani*** in no way altered ***Gilbert***'s holding on the definition of "judgment creditor." Second, 26 C.F.R. § 301.6323(h)-1(g) was enacted after the Federal Tax Lien Act of 1966, and preserved the distinction in ***Gilbert*** between a judgment of a court of record, which is a "judgment" for the purposes of defining "judgment lien creditor" under Section 6323, and a determination of a quasi-judicial body, which is not a "judgment" for the purposes of defining "judgment lien creditor" under Section 6323. *See* T.D. 7429, 1976-2 C.B. 396.

¶15. We find that the outcome of this case is dictated by ***Gilbert***, which held that, due to

the need for uniformity, the definition of "judgment [lien] creditor" is determinable under federal law. The notices of tax lien filed by the Commission were determinations by an administrative body, not judgments obtained from a court of record. Therefore, the Commission was not a judgment lien creditor under Section 6323. *Gilbert*, 345 U.S. at 364; 26 C.F.R. § 301.6323(h)-1(g) (1976). The IRS was entitled to priority under 31 U.S.C. 3713. We reverse the judgment of the chancery court, and remand for appropriate distribution of the interpleader funds.

¶16.    **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND PIERCE, JJ., CONCUR. GRAVES, P.J., NOT PARTICIPATING.**