Cheshire,
Oct. 5, 1909.

### WINCHESTER *v.* STOCKWELL.

The statutory provision that unpaid taxes may be collected by suit at law or bill in equity (P. S., *c.* 60, *s.* 17) does not authorize the rendition of a personal judgment against a non-resident delinquent.

ASSUMPSIT, to recover taxes assessed against real estate owned by a resident of Vermont. Trial by the court. A verdict was found against the defendant individually, and he excepted. Transferred from the October term, 1908, of the superior court by *Chamberlin*, J.

*John E. Allen*, by brief and orally, for the plaintiff.

*Joseph Madden* and *Arthur P. Carpenter* (of Vermont), for the defendant.

PEASLEE, J.   " The principle which renders void a statute providing for the personal liability of a non-resident to pay a tax of this nature is the same which prevents a state from taking jurisdiction through its courts, by virtue of any statute, over a non-resident not served with process within the state, to enforce a mere personal liability, and where no property of the non-resident has been seized or brought under the control of the court.  .  .  .  The lot-owner never voluntarily or otherwise appeared in any of the proceedings leading up to the levying of the assessment.   He gave no consent which amounted to an acknowledgment of the jurisdiction of the city or common council over his person.   A judgment without service against a non-resident is only good so far as it affects the property which is taken or brought under the control of the court or other tribunal in an ordinary action to enforce a personal liability, and no jurisdiction is thereby acquired over the person of a non-resident further than respects the property so taken.   This is as true in the case of an assessment against a non-resident of such a nature as this one, as in the case of a more formal judgment.   The jurisdiction to tax exists only in regard to persons and property or upon business done within the state, and such jurisdiction cannot be enlarged by reason of a statute which assumes to make a non-resident personally liable to pay a tax of the nature of the one in question." *Dewey* v. *Des Moines*, 173 U. S. 193, 203.

While the language above quoted was used concerning a so called " betterment tax," it is equally applicable in the case of any tax assessed against one not within the jurisdiction.   The assessment of a tax is a judicial act.   *Edes* v. *Boardman*, 58 N. H. 580; *Boston etc. R. R.* v. *State*, 60 N. H. 87; *Boody* v. *Watson*, 64 N. H. 162; *Wyatt* v. *Board of Equalization*, 74 N. H. 552.

It seems to have heretofore been understood in this state that the liability here sought to be enforced could not be created.   *Dewey* v. *Stratford*, 42 N. H. 282; *Bowles* v. *Clough*, 55 N. H. 389.   Whether the statute in question (P. S., c. 60, s. 17; Laws 1881, c. 28) authorizes a proceeding *in rem* against the property after the lien enforceable by a tax sale has been lost, or against other property found within the state, are questions not presented by the case as it now stands.

*Exception sustained.*

All concurred.