Merrimack,  }
May 2, 1916. }

### FRANK P. QUIMBY v. CENTRAL NEW HAMPSHIRE POWER COMPANY.

In an action against a foreign corporation, service on the secretary of state, in accordance with the provisions of Laws 1913, c. 187, s. 1, gives the court jurisdiction of the corporation as well as of the property attached on the writ, though the copy given to the secretary of state does not include a copy of the officer's return of the attachment.

ASSUMPSIT. Service was made on the defendants, a Maine corporation, by giving an attested copy of the writ to the secretary of state. Transferred by *Branch*, J., from the October term, 1915, of the superior court on the defendants' exception to the denial of their motion to dismiss on the ground that the copy given to the secretary of state did not include a copy of the officer's return of the attachment of their real estate.

*Robert W. Upton*, for the plaintiff.

*A. Chester Clark* and *Arthur V. D. Piper* (of Vermont), for the defendants.

YOUNG, J. The defendants' contention rests on the proposition that the copy to be served on the secretary of state, under the provisions of Laws 1913, c. 187, s. 1, is the same as that required by P. S., c. 219, s. 5. In other words, they contend that s. 1 simply provides an additional method of completing service on non-resident corporations. The validity of this contention depends on the intention of the legislature; and the language it used is all the evidence there is relevant to that issue.

Section 1 provides among other things that process served on the secretary of state "shall be of the same legal force and validity as if served on" the corporation. If this language is given its ordinary meaning—and there is nothing to show that that was not the sense in which it was used—service on the secretary of state in accordance with the provisions of s. 1 gives the court jurisdiction of the corporation as well as of the property attached on the writ; while service made in accordance with the provisions of s. 5 gives the court jurisdiction of the attached property only. Since service

in accordance with the provisions of *s.* 1 is service on the corporation, it is probable that the copy the legislature had in mind was the one called for by P. S., *c.* 219, *s.* 2, as amended by Laws 1893, *c.* 67, *s.* 6, which provides that "all writs and other processes shall be served by giving to the defendant, or leaving at his abode, an attested copy thereof, except in cases otherwise provided for." In other words, it is probable the legislature intended *s.* 1 as an addition to, or amendment of, P. S., *c.* 219, *s.* 2 rather than as an addition to, or amendment of, P. S., *c.* 219, *s.* 5.

*Exception overruled.*

All concurred.