Merrimack, }
May 6, 1924. }

### LUDOVIC SHIATTE *v.* SINGER MANUFACTURING COMPANY & *a.*

A foreign corporation transacting business in this state in compliance with Laws 1913, *c.* 187, *s.* 1, may be summoned as trustee of its non-resident debtor by service upon the secretary of state under section 4.

TRUSTEE PROCESS. The plaintiff, a resident of this state, brought this suit upon an alleged cause of action for negligence, and summoned the trustee by service upon the secretary of state. Both the trustee and the principal defendant are corporations organized in other states. The trustee does business in this state, and has complied with Laws 1913, *c.* 187, *s.* 1. The principal defendant does no business here, and the only service upon it was in New York. The trustee's disclosure shows large sums due from it to the principal defendant, upon an open account for goods sold and delivered. There was no appearance for the trustee. The principal defendant appeared specially, and moved that the suit be dismissed "for want of service and for want of jurisdiction." The motion was transferred without a ruling, by *Marble*, J.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the plaintiff.

*Frederick W. Mowatt* (of Massachusetts) and *Stevens, Couch & Stevens* (*Mr. Mowatt* and *Mr. Couch* orally), for the defendant.

PEASLEE, J. The motion to dismiss is put upon two grounds. It is claimed that there is no jurisdiction to act upon the liability of the trustee to the principal defendant (*Fitzhugh* v. *Railway*, 79 N. H. 371, 375), and that our statutes make no provision for a case like this.

The trustee's disclosure shows that it owes the defendant large sums of money for goods sold and delivered. Such a cause of action is transitory, and may be sued upon wherever the debtor is found. *Paine* v. *Drew*, 44 N. H. 306, 318.

The debtor was doing business in this state in accordance with local law, and could have been sued here by its creditor for the sums due. *March* v. *Railroad*, 40 N. H. 548, 577. Even though both parties are non-resident, a suit may be maintained, if jurisdiction over the defendant is obtained by service of process. *Paine* v.

*Drew, supra; Laird* v. *Railroad,* 62 N. H. 254. See, also, *Kidd* v. *Company,* 72 N. H. 273; *Westminster Bank* v. *Electrical Works,* 73 N. H. 465. The question whether jurisdiction over a foreign corporation, not doing business or otherwise present within the state, can be obtained by service upon its officer temporarily within the jurisdiction (*March* v. *Railroad, supra,* 582), does not arise here.

In a situation like the present one, the state has such jurisdiction over the *situs* of the debt that service upon the debtor as trustee of the creditor, within the state and in accordance with local statutory provisions, gives jurisdiction to investigate the account, to charge the trustee and to render a judgment as to the fund which will be valid everywhere. *Harris* v. *Balk,* 198 U. S. 215; *Louisville &c. Railroad* v. *Deer,* 200 U. S. 176.

There are decisions in this state holding that "choses in action are to be considered with respect to a suit of this kind as local, and not as following the person of the trustee to any place where he may be transiently found." *Jones* v. *Winchester,* 6 N. H. 497, 498; *Sawyer* v. *Thompson,* 24 N. H. 510; *Young* v. *Ross,* 31 N. H. 201. The reason assigned for these decisions is not "want of jurisdiction of the case and person and subject matter, but because the courts here hold that in such case the trustee is not chargeable, since their judgment will not affect the title to property out of the state, and consequently the trustee could not be protected by it." *Lawrence* v. *Smith,* 45 N. H. 533, 539. As it is now settled by the decision of the court of last resort that such a judgment does protect the trustee (*Harris* v. *Balk, supra*), it would seem that these early cases here should not be followed. *Cessante ratione, cessat lex.* Although the cases were cited in *Steer* v. *Dow,* 75 N. H. 95, 98, it was not found necessary to apply them, and the question of their soundness was not considered. The true rule is laid down in *Fitzhugh* v. *Railway,* 79 N. H. 371, 375. If the principal defendant has a claim against the trustee which might be adjudicated in this state, trustee-process jurisdiction may be conferred.

The custom of London limited the process to trustees resident within the city. *Sawyer* v. *Thompson,* 24 N. H. 510, 514; *Tingley* v. *Bateman,* 10 Mass. 343. This common-law rule is useful in the interpretation of statutes of doubtful import, but it does not limit the legislative power to extend the process so as to cover other situations. The power to make the process applicable to a non-resident trustee has been exercised here, and has been upheld. *Law-*

*rence* v. *Smith*, 45 N. H. 533; *Bennett* v. *Hebbard*, 74 N. H. 411; *Steer* v. *Dow*, 75 N. H. 95.

It having been authoritatively declared that a state may obtain jurisdiction in this way, the question whether the legislature has conferred the necessary power upon the court remains to be considered. It is claimed that the provisions giving the plaintiff the right to serve upon certain non-resident trustees in a prescribed way, and limiting the credits held by such service (P. S., *c.* 245, *s.* 5), by necessary inference exclude any other use of such process against a non-resident trustee. It is not necessary to consider the soundness of this contention. Assuming it to be well founded, it is made immaterial by later legislative action, covering the present case. "Foreign or alien companies or corporations established by the law of any other state or country and having a place of business or doing business within this state, may be summoned as trustees and trustee writs may be served upon them as other writs are served upon such companies or corporations, and said companies or corporations when so summoned shall be liable the same as if they were domestic corporations." Laws 1913, *c.* 187, *s.* 4. A mere reading of this section is sufficient to show that the right to use process against a non-resident corporation as trustee is now broad enough to cover the present case. If, as the defendant claims, such a right were in conflict with the earlier provisions of the Public Statutes, the later enactment would of course prevail.

The argument is advanced that section 1 of the act of 1913 confers jurisdiction over foreign corporations as to local business only, and that therefore there is no jurisdiction as to other matters. But it is evident that there was no intent to nullify the express provisions of section 4 by provisions in section 1 relating to other proceedings; and the argument is based upon a misapprehension of the purpose in view. The object of section 1 was to afford a convenient method by which certain process could be served. It neither increases nor diminishes jurisdiction over foreign corporations; and by the last section of the act all other and existing modes of service are retained. *Ib.*, *s.* 5.

*Motion denied.*

SNOW, J., was absent: the others concurred.