Rockingham, }
Oct. 7, 1930. }

NOTTINGHAM *v.* NEWMARKET MANUFACTURING COMPANY.

420

*George R. Scammon,* for the plaintiff.

*Allen Hollis* and *Donald Knowlton,* for the defendant.

MARBLE, J.   1. It is stated in the plaintiff's brief that the suit is brought by the selectmen and tax collector in the name of the town (P. S., *c.* 60, *s.* 17; P. L., *c.* 66, *s.* 42), and that the designation of the town as plaintiff is merely for convenience.   Neither the writ nor a copy of it is before the court, but the defendant does not contest the statement, and it is therefore presumed to be correct.   See *Canaan* v. *District,* 74 N. H. 517, 536; *Winchester* v. *Stockwell,* 76 N. H. 193, 194.

The defendant takes the position that since it is not a resident of Nottingham (*Woodsum Steamboat Co.* v. *Sunapee,* 74 N. H. 495), no suit can be maintained against it for the purpose of collecting taxes due the town.   It contends that taxes assessed on the property of

non-residents are a charge against the taxed estate only, and not a personal charge against the owner, and that if a tax is legally assessed against a non-resident defendant, a lien is created upon the property taxed and that such tax must be collected, if at all, by a sale of the property. In support of this contention the following cases are cited: *Dewey* v. *Stratford*, 42 N. H. 282; *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455, 471; *Bowles* v. *Clough*, 55 N. H. 389.

These decisions correctly interpret the statutes which were in force at the time they were rendered, but the law was later changed by the passage of chapter 28 of the Laws of 1881, entitled "An Act to Facilitate the Collection of Taxes." Section 1 of this act is as follows: "The selectmen of any town and the mayor and aldermen of any city may, in a particular case, cause any tax collectible by any town or city officer to be collected by suit at law or bill in equity." See P. S., *c*. 60, *s*. 17; P. L., *c*. 66, *s*. 42.

Prior to the passage of this statute, selectmen in performing the judicial duty of assessment had no jurisdiction over the person of a property owner who did not reside in the town, and while the act does not in express terms enlarge this jurisdiction, it must, if liberally interpreted, be given that effect. It will be noted that the statute refers broadly to the collection of "any tax."

It was the obvious purpose of the act to place the collection of taxes on the same basis as the enforcement of any other right. Where the defendant is not a resident of New Hampshire and has not been served with process within the state, it is clear that the court has no jurisdiction over his person. Such was the situation in *Winchester* v. *Stockwell*, 75 N. H. 322. But the present defendant is a foreign corporation amenable to the provisions of Laws 1913, *c*. 187 (P. L., *c*. 231). It has complied with the requirements of section 1, and by so complying has become for all practical purposes of litigation a resident of the state. Indeed, it has been expressly held that service upon the secretary of state in accordance with the provisions of the section in question "gives the court jurisdiction of the corporation as well as of the property attached on the writ." *Quimby* v. *Company*, 78 N. H. 174.

The suit can be maintained against the defendant.

2. Since the effect of the statutes is to give the selectmen jurisdiction over the corporation, the question whether the defendant has taxable estate in Nottingham is not open in this suit. The rule that a tax assessment is a judgment and cannot be collaterally attacked is fundamental. *Jaffrey* v. *Smith*, 76 N. H. 168; *Canaan* v. *District*,

422

74 N. H. 8; *Farmington* v. *Downing*, 67 N. H. 441.   The defendant's only remedy was by petition for abatement.   The second question transferred is therefore immaterial in this proceeding.

*Judgment for the plaintiff.*

All concurred.