Jose Ortega CABRERA et al.,
Plaintiffs, Appellants,

v.

MUNICIPALITY OF BAYAMON et al.,
Defendants, Appellees.

Jose Ortega CABRERA et al.,
Plaintiffs, Appellants,

v.

MUNICIPALITY OF BAYAMON et al.

Ramon Luis Rivera, etc., Defendant,
Appellant.

Nos. 79–1494, 79–1516.

United States Court of Appeals,
First Circuit.

Argued Feb. 7, 1980.
Decided May 28, 1980.

Arturo Aponte Pares, Hato Rey, P. R., with whom Olaquibeet A. Lopez Pacheco, Hato Rey, P. R., was on brief, for Jose Ortega Cabrera, et al.

Jose E. Bosch Roque, Bayamon, P. R., with whom Francisco Ponsa Feliu, F. Ponsa Flores, San Juan, P. R., and Elmer Toro Lucchetti, Santurce, P. R., were on briefs, for Municipality of Bayamon, et al.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, WISDOM, Senior Circuit Judge.*

COFFIN, Chief Judge.

Again we address legal and practical problems arising from the lamentable inadequacies of the municipal dump in Bayamon, Puerto Rico. Fuller descriptions of the factual background and procedural history are given in our earlier opinion, *Ortega Cabrera v. Municipality of Bayamon*, 562 F.2d 91 (1st Cir. 1977). For present purposes we need only recall that the dump, intended as a "sanitary landfill" for solid wastes, was constructed at the upper end of a mountainous ravine receiving heavy annual rainfall and situated above the headwaters of a creek flowing into local drinking water. Poor planning and heavy rains have caused toxic and malodorous runoff into the drinking water, exposure to the air of solid wastes, and damage to the agricultural and residential value of nearby property.

Plaintiffs are local landowners who claim violation of their constitutional rights and of local law. Defendant is the mayor of Bayamon, presently Ramon Luis Rivera. In January, 1974, the district court, finding violations of local nuisance and environmental law, ordered defendant to remedy the situation. The methods of ameliorating the dump were left unspecified pending the report of an expert committee. Appeal was taken to this court on a number of issues, although defendant did not seek review of the district court's January, 1974, order which thus became binding. On appeal, *inter alia*, we sustained the general course of the court's injunctive relief against claims by the plaintiffs that it should be broader; affirmed the court's setting aside of a damage verdict against defendant's predecessors in office because we held that plaintiffs had failed to state a valid claim under 42 U.S.C. § 1983; and agreed that the district court had properly assumed pendent jurisdiction over the local law claims. *Id.*

Subsequently, the district court made certain rulings limiting this litigation as to parties, to which plaintiffs appeal, and imposing a daily fine upon defendant as a sanction for civil contempt, to which order defendant appeals. We consider first the two issues raised by plaintiffs in their appeal.** They appeal from district court orders dismissing their amended complaint against the municipality and holding that Mayor Rivera is not a party in his personal capacity.

The municipality was named as a defendant in the original complaint filed in 1972. Subsequently, the parties agreed to dismiss voluntarily the complaint against the municipality, apparently because they understood *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct.

---

* Of the Fifth Circuit, sitting by designation.

** Plaintiffs raise two additional arguments in their brief which do not merit extended discussion. First, they argue that the court should pay the accumulated fines to them in compensation for damage done them by defendant's delay. Disposition of the fines is addressed later on in this opinion and further discussion of this question by us would be premature. Second, they buttress their argument, addressed below, that the municipality should be added as a defendant by claiming that the district court erred in not entering judgment against the municipality. Our treatment of the main argument renders unnecessary consideration of this subsidiary issue.

**6**

473, 5 L.Ed.2d 492 (1961), to preclude a section 1983 suit against a municipality. In 1978, plaintiffs filed an amended complaint seeking to join the municipality as a defendant, apparently wishing to take advantage of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which partially overruled *Monroe*. The district court, however, dismissed the amended complaint against the municipality because it thought that either the doctrine of res judicata or that of the law of the case precluded reopening the question of the city's liability.

 Unfortunately, the district court erred in its formulation of the issue. There exists neither a prior judgment in another suit concerning the liability of the municipality nor a prior ruling of law by the court in this case that the suit against the city should be dismissed. A prior judgment or ruling is the prerequisite for invocation respectively of res judicata or law of the case. *See generally* 1B Moore's Federal Practice ¶ 0.404[1]. The complaint against the municipality was voluntarily dismissed and the first such dismissal against a party must be without prejudice. Fed.R.Civ.P. 41(a)(1). Plaintiffs' amended complaint must be treated as if it was attempting to join the municipality as a defendant for the first time. 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2367. The district court's order must be vacated.

 This does not mean, however, that the municipality should be brought back into the case as a defendant. The court has discretion to refuse an attempt to join a new party at this late stage of the litigation when liability has been determined and the court is trying to enforce final relief for the plaintiffs. *See* Fed.R.Civ.P. 21. We note that plaintiffs' reason for seeking to add the municipality now seems to be that *Monell* has opened the door to section 1983 suits against municipalities. We held, however, in our prior opinion in this case that plaintiffs' claim under section 1983 failed as a matter of law in that it did not describe a violation of their constitutional rights. *Ortega Cabrera v. Municipality of Bayam-*

*on, supra,* at 102–03. *Monell* thus changes nothing in this case and plaintiffs can be understood only to wish to prosecute a local law claim against the municipality. Because only a pendent local claim remains in the case the discretion of the district court in allowing or disallowing joinder of a new defendant is particularly broad. Moreover, the additional delay which joinder would trigger is, in this already deplorably interminable litigation, a strong basis for denying the request. While we thus see strong reasons supporting the action taken by the court, we stop short of affirming it on a different rationale, preferring to allow the district court, which is much closer to the scene, to decide upon remand whether such addition will further justice and the expeditious resolution of this lengthy litigation.

 As for the second issue raised by plaintiffs' appeal, we see no reversible error in the district court's conclusion that Mayor Rivera was not a party to this suit in his personal capacity. Rivera entered the case only when he replaced his predecessor in office by a motion for the substitution of an official party pursuant to Fed.R.Civ.P. 25(d). Neither the original nor the amended complaint contains specific allegations of extraofficial wrongdoing that would give any substance to a suit against the mayor in his private capacity. We have already held that plaintiffs have no federal cause of action that could hold a Bayamon mayor personally liable, *Ortega Cabrera v. Municipality of Bayamon, supra,* at 102–03, and plaintiffs suggest no new theory to hold Mayor Rivera personally liable.

We now turn to defendant's appeal from the court's order of civil contempt. After remand from this court, the litigation moved slowly in the district court, although the experts' report was soon completed. Conditions at the dump did not improve. In December 1978, the district court ordered that defendant implement the experts' plan and it set a schedule of compliance fines to be exacted if the rehabilitation work was not completed by June 1, 1979. Defendant did not appeal this order. On June 1, plaintiffs requested the court to

impose sanctions for non-compliance. A hearing was held on June 18. Defendant then represented that all rehabilitation work at the site was completed, but at a subsequent hearing held on August 3, it became apparent that this was untrue. Rather, the district court found that no rehabilitation work of any kind had been performed. Nor had the defendant caused any drawings or plans to be made nor appropriated any funds in preparation for the remedial construction. The court held Mayor Rivera in contempt in his official capacity because it found that he had wilfully or recklessly failed to comply with the injunction. Defendant was ordered to pay $1,000 per day into court until full compliance was achieved and plaintiffs were awarded $10,-000 in attorney's fees.

■ Defendant now appeals. An order of civil contempt entered after final judgment is appealable, but the scope of our review is limited to inquiring whether the contempt order itself was properly entered. 9 Moore's Federal Practice, ¶ 110.13[4]. The order to rehabilitate the dump by June according to the experts' plan is not open to controversy on appeal from the contempt citation. *See N.L.R.B. v. Union Nacional de Trabajadores,* 611 F.2d 926, 928 n.1 (1st Cir. 1979).

■ Defendant fully merited the contempt citation. He was warned precisely what the penalty would be for noncompliance with the rehabilitation order. At the June hearing, defendant claimed to have complied with the order when in fact no work at all had been accomplished. In fact, defendant had two additional months, June and July, to perform the required construction, but did nothing. Defendant offers only tenuous excuses for noncompliance. He argues that local statutes fixing the city's budgetary year and requiring that contracts for public works be given to the lowest bidder after public announcement prevented raising funds to do the work by the ordered date. Legal restrictions on defendant's power to act, assuming they in fact had any role in his dilatoriness, cannot excuse noncompliance with the court's order in this case. Defendant has known since 1974 that the city has an obligation to spend money to rehabilitate the dump, but has done nothing to procure the necessary funds. He knew of the legal and budgetary restraints at the time the rehabilitation order was entered in December, 1978, but did not appeal the validity of its requirements. Preliminary plans could have been formulated before construction money was appropriated, but were not. Finally, the district court found that defendant had not even begun to take necessary steps to overcome the legal or budgetary constraints. Under these circumstances, the district court's imposition of compliance fines and attorney's fees, after notice and hearing, was entirely justified.

The district court has, it seems indisputable from the record, acted even-handedly and well within its discretion. Indeed, defendant's strange inactivity left the court with little choice to do anything different from what it in fact did. The dreary lack of any concrete progress in carrying out the *unappealed* court order of December, 1978, in accordance with the deadline there set, on pain of compliance fines then established, and the absence of any relevant explanation suggest a lack of understanding by counsel, the defendant Mayor, or both. As of the issuance of this opinion, the accumulation of daily fines over the past year, since August 28, 1979, will have exceeded $200,000. Yet these funds will not have compensated plaintiffs one iota for the damage sustained, will not have contributed one particle to the rehabilitation of the premises, and will not have reduced by one dollar the burden ultimately to be borne by the citizens of Bayamon.

The resolution of these appeals is not nearly so important as getting on with the task of rehabilitating the dump site or otherwise settling the controversy, either resolution giving relief to plaintiffs and limiting the drain on funds payable by defendant. We urge defendant to comply with the court's lawful order without further delay. We note that the payment of fines is creating a sizeable fund that properly could be used to speed rehabilitation or compensate plaintiffs for the special damages they have suffered due to defendant's unjustified de-

**8**

lay. The district court controls disposition of these funds and would, no doubt, be receptive to a cooperative plan that would promise finally to conclude this matter. Should defendant persist in inaction or should no agreement between the parties materialize, the district court may consider further exercise of its equitable power, perhaps to order the rehabilitation plan to be carried out by an independent contractor paid from the fund created by the contempt fines. Our comments are merely suggestions prompted by the apparent stalemate in this litigation; further orders are left to the discretion of the district court.

Because of our uneasy apprehension that defendant Mayor and other officials responsible for the disbursement of city funds may not fully understand the nature and present status of defendant's obligations, we suggest also that the district court consider ways and means to be assured that not only counsel but defendant himself be apprised of the substance of the immediately prior two paragraphs of this opinion.

*Affirmed in part, vacated in part and remanded for further proceedings consistent with this opinion.*

