**Raymond HOLLOWAY, Plaintiff,
Appellant,**

**v.**

**WRIGHT & MORRISSEY, INC.,
Defendant, Appellee.**

**No. 84–1083.**

United States Court of Appeals,
First Circuit.

Argued June 4, 1984.

Decided Aug. 1, 1984.

---

Paul A. Rinden, Concord, N.H., with whom Rinden Professional Association, Concord, N.H., was on brief, for appellant.

Margaret Nelson, Concord, N.H., with whom Sulloway Hollis & Soden, Concord, N.H., was on brief, for appellee.

Before CAMPBELL, Chief Judge, STEWART,* Associate Justice (Retired), and BOWNES, Circuit Judge.

STEWART, Justice (Retired).

Raymond Holloway, a New Hampshire resident, brought this diversity action in the United States District Court for the District of New Hampshire against Wright and Morrissey, Inc. (Wright), a Vermont corporation with its principal place of business in that state. Despite Holloway's allegations that Wright has received a certificate authorizing it to do business in New Hampshire, that it has done business in New Hampshire, and that it has appointed a resident agent in New Hampshire to receive service of process, the district court dismissed Holloway's suit, finding that it lacked *in personam* jurisdiction over Wright.

## I

This litigation arises out of an accident that occurred on a construction site in Burlington, Vermont. In his complaint, Holloway alleged that during the winter and spring of 1983, Wright was the general contractor on a construction project in Burlington. Holloway's employer, Hephaestus Corporation, a New Hampshire corporation with its principal place of business in that state, and Wright allegedly entered into a subcontract in New Hampshire. The subcontract provided that Hephaestus was to do the iron work on the Vermont construction project, and Holloway was subsequently assigned to work at the construction site. While at the Vermont worksite, Holloway allegedly stepped into a hole and injured his left leg. Holloway contended that this injury was the result of Wright's negligence, and sought damages of $250,000.

Holloway began this action by serving the summons and complaint in New Hampshire upon Wright's resident agent for service of process in accordance with the dictates of Rule 4 of the Federal Rules of Civil Procedure. Contending that the district court lacked *in personam* jurisdiction, Wright moved to dismiss, and the District Court granted the motion. This appeal followed.

The appellant, Holloway, argues that the District Court had jurisdiction under the New Hampshire long-arm statute, N.H. Rev.Stat.Ann. § 293–A:121 (Cum.Supp. 1983), and that the exercise of jurisdiction under that statute would not offend the due process clause of the fourteenth amendment.[1] Alternatively, Holloway maintains that Wright consented to the exercise of *in personam* jurisdiction when it appointed an agent for service of process.

---

* Of the Supreme Court of the United States, sitting by designation.

1. § 293–A:121 provides:

"If a foreign corporation makes a contract to be performed in whole or in part by either party in New Hampshire, or if the foreign corporation commits a tort in whole or in part in New Hampshire, the acts shall be deemed to be doing business in New Hampshire by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of state of New Hampshire and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of the contract or tort. The making of a contract or the committing of a tort shall be deemed to be the agreement of the foreign corporation that any process against it which is served upon the secretary of state shall be of the same legal force and effect as if served on the foreign corporation at its principal place of business in the state or county where it is incorporated and according to the law of that state or county."

Because we believe that Wright consented to the exercise of jurisdiction over it in New Hampshire, we need not reach Holloway's contentions about the scope of the New Hampshire long-arm statute or the requirements of the United States Constitution.

## II

It is well-settled that a corporation that authorizes an agent to receive service of process in compliance with the requirements of a state statute, consents to the exercise of personal jurisdiction in any action that is within the scope of the agent's authority. *See Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd.*, 308 U.S. 165, 170–71, 174–75, 60 S.Ct. 153, 155–156, 157–158, 84 L.Ed. 167 (1939); *Pennsylvania Fire Insurance Co. v. Gold Issue Mining & Milling Co.*, 243 U.S. 93, 95, 37 S.Ct. 344, 345, 61 L.Ed. 610 (1917); Restatement (Second) of Conflict of Laws § 44 (1971). Holloway's complaint alleged that Wright had appointed an agent for service of process pursuant to the requirements of New Hampshire law. Therefore, if this action is within the scope of the statutory agent's authority, Wright has consented to the exercise of jurisdiction. Because there is no evidence in this record that the authority of Wright's agent differed from that required by New Hampshire law, our analysis of the scope of the agent's authority rests solely on the interpretation of the relevant New Hampshire statute. We have been unable to discover any New Hampshire case that construes the scope of this provision, and thus we must confine our analysis to the language of the statute itself.

Under subsection I of § 293–A:119 of the New Hampshire Revised Statutes, "[t]he registered agent appointed by a foreign corporation authorized to transact business in this state shall be an agent of the corporation upon whom any process, notice or demand required or permitted by law to be served on the corporation may be served." [2] Wright contends that service of process is "required or permitted by law to be served on the corporation" only if service would also be permissible under the long-arm statute. Because, in Wright's view, service in this case was not authorized by the long-arm statute, Wright argues that service on its registered agent was not authorized by § 293–A:119. We disagree with this interpretation of the scope of § 293–A:119.

In our view, there is a more natural reading of the phrase "process, notice or demand ... permitted by law" than that suggested by Wright. We believe that the phrase merely refers to lawful process, notice or demand. Thus, because a summons and a complaint in a tort action are documents that may be served on a corporation in accordance with the law, the service in this case falls within the terms of the statute. Had the New Hampshire legislature wished to restrict the applicability of this provision to situations in which another statute created jurisdiction, it would hardly have expressed itself in so cryptic a fashion. There are many phrases that would communicate such a restriction far more clearly than the phrase "process ... permitted by law." We would be hesitant to attribute to the legislature so obscure a means of expressing itself as Wright attributes to it, when a far more natural reading of the words is possible.

Indeed, when the legislature wished to refer to other statutes authorizing jurisdiction over foreign corporations, it did so in clear and unambiguous language. Subsection IV of § 293–A:119 states that "[n]othing contained in this section shall limit or affect the right to serve any process, notice, or demand, required or permitted by law to be served upon a foreign corporation *in any other manner now or hereafter permitted by law*." (Emphasis added). The legislature's failure to utilize this clear language when referring to the process that may be served on the registered agent

---

**2.** The requirement that a foreign corporation authorized to transact business in New Hampshire maintain a registered agent is found in New Hampshire Rev.Stat.Ann. § 293–A:117 (Cum.Supp.1983).

indicates that it did not intend to restrict service on the registered agent to situations in which other methods of service were authorized.

Further support for this view of the scope of subsection I of § 293–A:119 is found in the long-arm statute itself, § 293–A:121. That statute only authorizes the service of "lawful process."[3] Obviously, the term "lawful" in the long-arm statute cannot refer to an alternative method of service. Because of the similarity between the term "lawful" in the long-arm statute and the phrase "permitted by law" in § 293–A:121, it is likely that the New Hampshire legislature intended the two phrases to have the same meaning. The presence of a restriction in the long-arm statute that is similar to the restriction contained in § 293–A:119, therefore, provides further evidence that Wright's construction of § 293–A:119 is incorrect.

Finally, although we have not found any New Hampshire cases interpreting § 293–A:119, the New Hampshire Supreme Court's interpretation of one of the forerunners of that section further undercuts Wright's position. In *Nottingham v. Newmarket Manufacturing Co.*, 84 N.H. 419, 151 A. 709 (1930), that Court interpreted chapter 187, § 1 of the 1913 New Hampshire Public Laws. That statute required that a foreign corporation seeking to do business in New Hampshire "appoint the secretary of state ... to be its true and lawful attorney upon whom *lawful* process

... may be served." (Emphasis added).[4] Despite the requirement that the process be "lawful," the Court held that there was jurisdiction over a foreign corporation without inquiring into whether there was an alternate, authorized method of service:

> [T]he present defendant ... has complied with the requirements of section 1, and by so complying has become for all practical purposes of litigation a resident of the state.... [S]ervice upon the secretary of state in accordance with the provisions of the section in question 'gives the court jurisdiction of the corporation....'" 84 N.H. at 421, 151 A. at 711, quoting *Quimby v. Company*, 78 N.H. 174, 174, 98 A. 303, 304 (1916).

Because of the similarity of the terms "lawful" and "permitted by law," this decision strongly supports the view that § 293–A:119 is not limited to situations in which the legislature has provided an alternate method of service.[5] For these reasons, we conclude that the New Hampshire legislature did not intend to restrict the applicability of § 292–A:119 to cases in which service of process is authorized by the long-arm statute.

■ Wright next makes the related argument that § 293–A:119 is only applicable in a tort case when the tort is committed in the state of New Hampshire. We cannot accept this contention. First, we find no support for this view in the language of the

---

**3.** Section 293–A:121 is set out in full in note 1, *supra*.

**4.** Chapter 187, § 1 provided in pertinent part: "Every foreign corporation ... shall before doing business in this state in writing appoint the secretary of state to be its true and lawful attorney upon whom lawful process in any action or proceeding against it upon any liability arising in this state may be served, and in such writing shall agree that any lawful process against it which is served on said attorney shall be of the same legal force and validity as if served on it, and that the authority shall remain in force so long as any liability remains outstanding against it in this state."

**5.** We are aware that there is dicta in *Shiatte v. Singer Manufacturing Co.*, 81 N.H., 294, 125 A.

429 (1924), that seemingly supports Wright's position. *Shiatte* also involved chapter 187, § 1. In *Shiatte*, the Court first found that there was jurisdiction over a foreign corporation because a debtor of the corporation was doing business in New Hampshire. The defendant contended that there would not have been jurisdiction under chapter 187, § 1, and that, as a result, there could not be jurisdiction based on the presence of its debtor. The Court rejected the contention that chapter 187, § 1 was intended to restrict other bases of jurisdiction, stating, inter alia, that the chapter "neither increases nor diminishes jurisdiction over foreign corporations." To the extent that the Court intended to describe the reach of chapter 187, § 1 itself, rather than its effect on other bases of jurisdiction, it apparently abandoned the *Shiatte* dicta in the *Nottingham* case.

statute. Second, the original version of the statute, 1913 New Hampshire Laws, ch. 187, § 1, explicitly contained such a requirement. That statute required foreign corporations to designate the attorney general as their agent "upon whom lawful process in any action or proceeding against it *upon any liability arising in this state* may be ·served." (Emphasis added).[6] In light of the legislature's deletion of this requirement, the inference is inescapable that the legislature did not intend that § 293–A:119 be restricted to torts that are committed in the state.

Finally, at oral argument, Wright contended that if § 293–A:121 and similar statutes in other states were construed as consents to jurisdiction in all causes of action however unrelated to the forum state, corporations that have qualified to do business in all 50 states might be sued on any cause of action in any state. We need not, however, reach the question whether § 293–A:119 would authorize a suit on a cause of action that has no relationship to the state of New Hampshire, for in this case, the litigation is unquestionably related to that state. Holloway alleged that as result of a contract that Wright entered into in New Hampshire, he was assigned to work on the Vermont construction site. Thus, there is a causal connection between Wright's acts in New Hampshire and Holloway's injury. In addition, because Holloway is a New Hampshire resident, that state has an interest in insuring that he has a forum in which to seek relief. Indeed, the presence of New Hampshire contacts and interests provides further evidence that New Hampshire would intend its statute to apply to this case.

We therefore hold that at least where litigation is causally connected to the defendant's acts in New Hampshire, and where New Hampshire has an interest in the litigation, § 293–A:119 is applicable. From this holding, it follows that Wright authorized its agent to receive process in a case of this nature, and thereby consented to jurisdiction in this case. As a result, we conclude that the district court erred in dismissing this action for lack of personal jurisdiction.

*The judgment of the district court is vacated, and the case remanded for further proceedings consistent with this opinion.*